## THE PEOPLE *v.* JOHN B. FRISBIE.

ASSESSMENT OF LAND FOR TAXES.—Under the Revenue Act of 1861 a person's " claim to and possession of" lands, or his " claim to" or his "possession of" such lands, may be assessed for taxation.

MEANING OF WORD " CLAIM" IN REVENUE ACT.—The term " claim to  *  *  * any land," as used in section five of the Revenue Act of 1861, means not only an assertion of title to but an actual possession of the land claimed.

PLEADINGS IN ACTION FOR TAXES.—If a complaint in an action to recover judgment for taxes avers that the tax is for an assessment of defendant's " claim to and possession of" lands, an answer setting up as new matter that the lands are public lands of the United States, contains no defense.

PROPERTY LIABLE TO TAXATION.—A " claim to" and " possession of" land is " property " liable to taxation within the meaning of the thirteenth section of the Eleventh Article of the Constitution.

CASE AFFIRMED.—*People* v. *Shearer,* 30 Cal. 645, affirmed.

APPEAL from the District Court, Seventh Judicial District, Napa County.

The defendant answered without interposing a demurrer. When the case was called for trial, plaintiff moved for judg-

ment on the pleadings.   The Court sustained the motion.
Defendant appealed.

The other facts are stated in the opinion of the Court.

*Rayle & Pendegast,* for Appellants, argued that the complaint averred a taxation of defendant's claim to the possession of the land, and that a mere claim to the possession of land was not liable to taxation.

*J. G. McCullough, Attorney-General,* for the People, argued that the complaint averred that defendant's claim to and possession of the land was taxed, and that claims and possessions of occupants of public lands were both property for the purposes of taxation within the meaning of the Revenue Act; and cited *People* v. *Shearer,* 30 Cal. 645.

By the Court, SHAFTER, J.:

This is an action for the recovery of delinquent taxes assessed upon real estate.   The complaint is against both person and property.   The answer alleges, by way of avoidance, that the lands described in the complaint are public lands of the United States.   Judgment was entered for the people upon the pleadings, and the appeal is from the judgment.

There are two questions: One as to the sufficiency of the complaint, the other as to the sufficiency of the avoidance, in the event the complaint should turn out to be sufficient.

The lands are described in the complaint by metes and bounds, and the assessment is alleged to have been made upon " Frisbie's claim to and possession thereof, and upon the improvements upon such real estate."   The objection taken to the complaint is, that the assessment appears to have been put upon a mere claim to the possession of the land.   This objection proceeds upon a mistake of fact—for, by the averment, the assessment was upon the " claim and possession."   Had the assessment, however, been upon the claim alone, it would have sufficed.   The provision of the Revenue Act of

1861 (Acts 1861, Sec. 5, p. 421,) is as follows: "The term real estate, whenever used in this Act, shall be deemed and taken to mean and include, and it is hereby declared to mean and include, the ownership of or claim to, or possession of, or right of possession to any land," etc.

The term "claim," as used in this provision, means something more than a mere assertion by the party assessed that he owns, or is entitled to possess the lands described in the list. While the word carries with it the idea of such assertion, it involves also the idea of an actual possession of the land claimed. We therefore consider not only that the assessment declared on was based upon a subject matter liable to taxation under the Act of 1861, but of a subject matter, also, comprehended by the term "property," as used in the thirteenth section of the Eleventh Article of the Constitution.

The insufficiency of the answer as an avoidance of the case made in the complaint, is settled by *People* v. *Shearer*, 30 Cal. 645.

Judgment affirmed.

Mr. Chief Justice Currey did not express any opinion.