THE PEOPLE OF THE STATE OF CALIFORNIA v.
THE BLACK DIAMOND COAL MINING COM-
PANY.

POSSESSORY CLAIM TO PUBLIC LAND TAXABLE.—A possession of and claim to
public land of the United States is property, and as such is taxable to the claim-
ant, without violating the Act of Congress by which this State was admitted into
the Union.
IDEM—REVENUE ACT.—So much of the General Revenue Act as exempts possessory
claims and improvements upon the public lands from taxation is unconstitu-
tional and void. (*People* v. *McCreery*, 34 Cal. 433, and *People* v. *Gerke*, 35 Cal.
677, affirmed.)

APPEAL from the District Court, Fifteenth Judicial Dis-
trict, Contra Costa County.

This was an action to recover delinquent taxes.  The
People had judgment, and the defendant appealed there-
from, and from an order denying its motion for a new trial.

The other facts are stated in the opinion of the Court.

*Thomas A. Brown*, for Appellant.

*H. Mills, District Attorney of Contra Costa County*, and *Jo
Hamilton, Attorney General*, for the People.

By the Court, RHODES, J.:

The property assessed is described as "the possession and
interest of the Black Diamond Coal Mining Company of, in,
and to those certain tracts of land situate," etc.; and it is
alleged in the complaint that "the said possession and claim
to said lands are valued and assessed at forty thousand dol-
lars." The title to the land is in the United States, and the
land was used by the defendant for coal mining purposes.

It was held in *People* v. *Shearer*, 30 Cal. 656, *People* v.
*Frisbie*, 31 Cal. 146, and *People* v. *Cohen*, 31 Cal. 210, that
the possession of and claim to public land was property, and,

as such, was taxable to the claimant, without violation of the Act admitting the State into the Union.

The appellant's position, that the property is not taxable, because property of that character is exempted from taxation by the General Revenue Act, is answered by *People* v. *McCreery*, 34 Cal. 433, and *People* v. *Gerke*, 35 Cal. 677, and it is unnecessary to repeat the argument here. Either the exemption is void, or all the provisions of the Act levying an ad valorem tax upon property are void. We held the exemptions void, and that it was the duty of the Assessor, notwithstanding the attempted exemption, to assess the property.

Judgment affirmed, and remittitur directed to issue forthwith.