PEOPLE, Respondent, v. HENRY WILLIAMSON and CERTAIN REAL ESTATE, Appellant.

## No. 2862; July 11, 1872.

**Taxes—Action to Enforce—Service of Summons.**—In an action for the collection of delinquent taxes, the judgment for the plaintiff will not affect both the personal defendant and the real estate assessed unless the summons has been served upon both.

**Taxes—Misdescription of Land.**—In an Action for the Collection of delinquent taxes, a defense based on misdescription of the land in the assessment is not good if claimed merely because of a defect in metes and bounds set forth, provided it is accurate as to the location and township where the land is situate, the number of acres, and the description by common designation or name.

**Taxes—Payment by One as Payment for Others.**—It may well happen that several persons may be assessed for a possession of, interest in, or claim to the same land, and when such is the case the payment by one would not operate as a payment for another.

APPEAL from Third Judicial District, Alameda County.

Attorney General for respondent; John Reynolds for appellant.

BELCHER, J.—This is an action for the collection of delinquent taxes. Judgment having been rendered against the personal defendant and the real estate, the personal defendant moved for a new trial, which was denied, and both defendants have appealed.

1. The summons does not appear to have been served on the real estate, and it not having appeared in the action, no judgment could be rendered against it.

2. It is claimed that the assessment was invalid, because the real estate was insufficiently described. The description, as found in the assessment-roll is as follows: "Interest in tract of land bounded North by land of McKay and county line; S. by Gordonices Creek; E. by T. lots Nos. 87 and 89 and land claimed by Young; W. by San Pablo Road and land of McKay, said interest amounting to 450 acres more or less, and being a portion of Domingo Peralta Reserve, commonly known as the 'Ford Ranch.'" The assessment-roll also

names the township and county where the land is situated, and the evidence shows that the whole tract described contains about one thousand acres.

As we understand the description of the land assessed it is this: That interest in the Domingo Peralto Reserve which is commonly known as the Ford Ranch and which contains four hundred and fifty acres more or less, and is within the general tract described by metes and bounds. If this reading is correct, the description is clearly sufficient. We have the location and township where the land is situate, the number of acres, and a description by common designation or name. This is all that the law (Revenue Act 1861, sec. 20) requires.

3. It is also claimed that a larger tract of fifteen hundred or eighteen hundred acres, but embracing the one thousand acres already spoken of, was assessed for the same year to Carpentier and Adams—to each an undivided one-half—and that Carpentier having paid the taxes assessed upon his half before the commencement of this action, his payment should operate as a payment pro tanto upon the four hundred and fifty acres assessed to the defendants.

The record does not contain a description of the land assessed to Carpentier and Adams nor the values placed thereon, but from the fact that the tax assessed against Carpentier was one hundred and seventy-six dollars and against Adams two hundred and sixty-four dollars, while against Williamson it was four hundred and ninety-five dollars, we infer that Carpentier and Adams were assessed for a claim to or an interest in the larger area, and not for the land itself.

It has been repeatedly held by this court that under the Revenue Act of 1861 the "claim to," "possession of," or "right of possession to" any land in this state may be assessed to the claimant or possessor, even though he does not own the fee: People v. Shearer, 30 Cal. 661; People v. Black Diamond Coal Co., 37 Cal. 54.

It may well happen, therefore, that several persons may be assessed at the same time for a possession of, interest in, or claim to the same land, and when such is the case, the payment by one would not operate as a payment for another.

If we are right in what has been said, the assessment against Williamson was a good assessment and the payment

by Carpentier did not operate as a payment pro tanto in his behalf.

We see nothing in the other points.

The judgment against the real estate is reversed, and the judgment and order against the personal defendant are affirmed.

We concur: Rhodes, J.; Crockett, J.; Niles, J.; Wallace, C. J.