[Civ. No. 812. Second Appellate District.—May 18, 1910.]

## GEORGE W. BECK, Respondent, v. FRED SCHMIDT, Appellant.

BUILDING CONTRACT—ORAL MODIFICATION—REFUSAL OF OWNER TO MAKE PAYMENTS AGREED—TERMINATION—QUANTUM MERUIT.—Where a building contract was orally modified by agreement of the parties, extending the time for completion, and providing for more frequent payments, and the court found that the owner neither complied with the contract nor with the oral modification as to payments, and that the contractors continued the work until, by reason of the failure of the owner to make such payments, they considered and treated the contract as terminated, and refused to continue the prosecution of the work, these facts, if true, clearly justified the contractors in such course, and entitled their assignee to recover upon *quantum meruit* the reasonable value of the work theretofore done and materials furnished.

ID.—SUPPORT OF FINDINGS—WRITTEN CONTRACT NOT PART OF RECORD.— Where the written contract was introduced in evidence, but is not made part of the record, nor its contents shown therein, it cannot be said that the evidence was insufficient to sustain the findings that the owner did not comply with the written contract as to payments, and that the plaintiff complied with the contract on their part until prevented by such noncompliance.

ID.—EVIDENCE SUPPORTING ORAL MODIFICATION.—The evidence in the record supports the finding as to a subsequent modification of the contract agreeing to weekly payments sufficient to meet the payrolls of the men employed and in furnishing materials therefor, and also extending the time for performance of the work. But the written contract not being in the record, it cannot be said that the time of performance fixed therein did not fix a date subsequent to the cessation of the work for nonpayments agreed upon.

ID.—EVIDENCE SUPPORTING ARREARS OF PAYMENT.—The evidence tends to prove that defendant was in arrears of payment practically from the commencement of the work, and that defendant quit the work for persistent refusal of defendant to make the payments agreed upon during a period of three months.

ID.—EFFECT OF ABSENCE OF CONTRACT.—In the absence of the written contract or any evidence as to its terms and provisions, it cannot be said that any .of the findings complained of are not supported by the evidence. Even if it be conceded that the finding as to the oral modification thereof was unsustained, it would be harmless, in view of the finding that defendant failed to comply with the written contract, and that defendant did not comply with it on his part until, owing to its breach, the contractors ceased work.

ID.—NONSUIT PROPERLY DENIED.—The court properly denied defendant's motion for a nonsuit of the plaintiffs in the view of the evidence before the court.

ID.—RULINGS UPON EVIDENCE—ERROR NOT SHOWN.—Assignments of error in rulings upon evidence as to damages resulting from failure of the contractors to complete the work within the time specified cannot be considered, where there is nothing in the record upon which it can be determined that the court erred in making such rulings.

ID.—PLEADING—NONPAYMENT—AMOUNT "DUE AND OWING."—Where the complaint formally and in direct terms alleged nonpayment of the demand of the contractors sued for, the objection that it does not also allege that the amount is "due and owing" is untenable. No good purpose could be subserved by inserting words constituting a mere legal conclusion, from the use of which, at most, and then only in the absence of demurrer, the fact of nonpayment alleged might be implied.

13 Cal. App.—29

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Davis, Kemp & Post, for Appellant.

Jones & Weller, and Frank G. Finlayson, for Respondent.

SHAW, J.—Action by plaintiff as the assignee of Franklin & Drain, constituting a copartnership, to recover upon *quantum meruit* for labor done and materials furnished at defendant's instance and request in grading and improving a certain tract of land owned by defendant. Judgment went for plaintiff, from which, and an order denying his motion for a new trial, defendant prosecutes this appeal.

It is alleged in the complaint that the reasonable value of the work done and materials furnished was the sum of $51,-095.74, upon which defendant paid $31,954.30 and no more, leaving a balance unpaid of $19,141.44, for which plaintiff asks judgment.

In defense of the cause of action defendant by his answer avers that the work was done and the materials furnished pursuant to a written contract made between defendant and said copartnership of Franklin & Drain, by the terms and provisions of which it was agreed that said work was to be performed as a whole, but at prices therein stipulated for each class of work, and the whole completed by December 15, 1906. Defendant further avers that neither the contract price nor the reasonable value of the labor done and materials furnished is in excess of $40,000, upon which he had paid $31,954.30, and denies that any balance remains due and unpaid by defendant for and on account of said work. It is further alleged that by said contract it was agreed that twenty-five per cent of the value of the labor performed and materials furnished in doing the work should be reserved and not paid until thirty-five days after the expiration of the time for completion and acceptance of the whole of said work; that neither said contractors nor any one for them has performed the whole work agreed to be done and performed,

and that to complete the same will require an expenditure by defendant of $5,000 over and above the contract price; that by reason of said failure to perform the contract in accordance with its terms defendant has been damaged in the sum of $25,000.

The court made findings as to the reasonable value of the work done and materials furnished, the amount paid thereon, and the balance remaining due and unpaid. In response to the affirmative allegations of the answer, the court found that Franklin & Drain, plaintiff's assignors, entered into a contract with defendant for the improvement of the tract of land, and pursuant to the terms and provisions thereof entered upon the performance of the work. It also found that by an oral agreement between the parties the contract was thereafter modified, in that the time for completion of the work was extended and provision made for making the payments other than as stipulated in the contract; that defendant neither complied with the terms of the written contract nor with the modification thereof; that plaintiff and his assignors did not refuse to complete the construction of the work mentioned in the contract or fail to comply with the terms thereof on their part, but did, on September 28, 1907, by reason of defendant's neglect and failure to make the payments pursuant to the terms and provisions of the contract, consider and treat the same terminated and refused to proceed further in the prosecution of the work thereunder.

These facts, if true, clearly justified the contractors in refusing to proceed further with the performance of the work, and entitled their assignee to maintain an action for the reasonable value of the work theretofore done and materials furnished. (*San Francisco Bridge Co.* v. *Dumbarton etc. Co.*, 119 Cal. 272, [51 Pac. 335]; *Cox* y. *McLaughlin,* 76 Cal. 60, [18 Pac. 100]; *Porter* v. *Arrowhead Reservoir Co.,* 100 Cal. 501, [35 Pac. 146].)

Defendant contends, however, that certain of these findings are not supported by the evidence. It is insisted that there is no evidence tending to prove a modification of the contract, and likewise a want of any evidence tending to prove that defendant failed to comply with the provisions of the contract, either as originally made or as claimed to have been modified. The contract was introduced in evidence and the

court made acquainted with its terms and conditions. It is not, however, incorporated in the bill of exceptions, or otherwise brought up in the record; nor is there any evidence touching the terms and provisions thereof. There is evidence as to what the parties did, but the record is wholly silent as to what they were required to do under the terms and provisions of the contract. It is, therefore, impossible for us to say that the evidence was insufficient to show a breach of the contract on the part of defendant, or to support the finding that plaintiff and his assignors fully complied with the contract on their part.

The record discloses evidence to the effect that after the work had been prosecuted, for some months, during which time the payments, so far as made, appear to have been in accordance with estimates furnished monthly by an engineer, it was agreed to dispense with these estimates and defendant was to make weekly payments sufficient to meet the payrolls of the men employed by the contractors, and at the end of each month make payments in amount sufficient to meet other necessary expenses incurred in the performance of the work and furnishing the materials therefor. It also tends to prove that defendant in making the payments was in arrears practically from the commencement of the work. On September 16, 1907, plaintiff served notice upon defendant to the effect that, owing to his neglect and failure to pay the several amounts as they became due, it would be impossible to further prosecute the work, and unless payment was made he would abandon the work. Notwithstanding this notice, defendant refused to make a payment of $120 required to meet the payroll on September 28, 1907, whereupon plaintiff ceased work.

The court finds that the time for completion of the work as fixed in the contract was extended by the oral agreement. The contract is not before us, and the time fixed therein may have been at a date subsequent to the ceasing of work by plaintiff. There is some evidence tending to prove that the time was extended. Franklin testifies: "There was an absolute promise made by Mr. Schmidt that we were to be granted all the necessary time to complete that work." We cannot say that the expression "that work" did not refer to the whole work to be done under the contract, instead of additional work required in the sloping of embankments. Considering the conditions under which the work was done, it

seems to have been prosecuted with reasonable diligence. There is also evidence tending to show that defendant was in arrears in making payments during the period covered by the months of June, July and August.

In the absence of the written contract or any evidence as to its terms and provisions, we cannot say that the findings complained of are not supported by the evidence.

Furthermore, conceding the finding as to the modification of the contract to be unsupported by the evidence, nevertheless, it became harmless in view of the fact that the court found that defendant failed to comply with the written contract, and that plaintiff and his assignors did comply with it on their part up to September 28th, when, owing to the breach of contract by defendant, they ceased work thereunder. As to the findings in this regard, no objection can be urged that it is not supported by the evidence, for the reason, as hereinbefore stated, the contract was before the trial court and it is not embodied in the record on appeal.

What is here said sufficiently disposes of the contention that defendant's motion for nonsuit should have been granted. There was no error in denying the motion.

A number of assignments of error are predicated upon rulings of the court made in excluding answers to questions put by defendant. The evidence sought to be elicited by these questions all pertained to damages alleged to have resulted from the contractors' failure to complete the work within the time specified in the contract. There is nothing in the record, however, from which it can be determined that the court erred in making such rulings.

Appellant contends that the amended complaint failed to state a cause of action by reason of the fact that it is not alleged that the amount sued for is "due and owing." In view of the fact that the complaint formally and in direct terms alleged nonpayment, no good purpose could be subserved by inserting words constituting a mere legal conclusion, and from the use of which, at most, and then only in the absence of a demurrer, the fact of nonpayment might be implied. (*Penrose* v. *Winter*, 135 Cal. 289, [67 Pac. 772].)

The record discloses no prejudicial error, and the judgment and order appealed from are affirmed.

Allen, P. J., and Taggart, J., concurred.