[Civ. No. 6263.  Second Appellate District, Division Two.—December 10, 1929.]

E. C. REDMAN et al., Appellants, v. F. L. WEISEN-HEIMER, Respondent.

E. C. REDMAN et al., Appellants, v. W. A. USHER, Respondent.

E. C. REDMAN et al., Appellants, v. LOUISE BRUNNING CABLE, Respondent.

Frank H. Snyder for Appellants.

Randall J. Hood, C. F. Cable and L. P. Godward for Respondents.

THOMPSON (IRA F.), J.—Three separate actions were commenced in the court below by the plaintiffs against the defendants for the purpose of quieting their title against certain tax deeds running to the defendants. Inasmuch as they all involved the same alleged defects they were tried together; judgment in each case went for the defendant; and the appeals from the several judgments are presented to us by stipulation in one transcript. The property is all situated in the Redman elementary school district, the Antelope Valley union high school district and in the county of Los Angeles. The sales were for delinquent taxes for the year 1916.

Three contentions are advanced by the appellants as reasons for the reversal of the judgments and they are as follows:

First. That the delinquent tax list published by the tax collector in 1917, pursuant to the provisions of section 3764 of the Political Code was insufficient.

Second. That the board of supervisors had no authority to levy a tax for the support of the county free library for the reason that the Redman elementary school district maintained a circulating library.

Third. That the tax levied to provide a sinking fund to meet the interest on the bonded indebtedness of the Antelope Valley union high school district was not uniform and was for that reason void, or at least that evidence to establish the invalidity was improperly rejected.

For the sake of clarity we have set down the above assertions in their order and shall follow them *seriatim* in our consideration of the cause.

Turning to the claim that the delinquent tax list was insufficient because it specified that the amounts set

opposite the descriptions of the parcels of property repre-sented the "amount due for taxes and costs" without saying whether the sums also covered penalties, we find that the transcript does not disclose the situation which is argued. Counsel evidence an appreciation of their failure to have included in the bill of exceptions the delinquent tax list, by asking this court to order the document to be sent here for inspection. Of course such is not a proper proceeding. It devolves upon an appellant to present a record which affirma-tively shows the existence of the error relied upon. (*Foster* v. *Young*, 172 Cal. 317 [156 Pac. 476].) Where there is a failure in this particular the appellate tribunal must indulge the presumption that there is no error and that the judg-ment and findings are properly supported. (*Beck* v. *Schmidt*, 13 Cal. App. 448 [110 Pac. 455].)

We are thus brought to the second question, namely, Did the maintenance by the Redman elementary school dis-trict of a free circulating library exempt the property of that district from a tax for the support of the county free library? The question must be answered in the negative. The district school library which was maintained was a part of the system intended to be provided primarily for the schools by the provisions of sections 1712 to 1717, both in-clusive, of the Political Code. The library for the support of which the tax was levied is known as the county free library established by the board of supervisors under the authority of "An act to provide for the establishment and maintenance of county free libraries in the state of Cali-fornia . . . " (Deering's Gen. Laws, 1923, p. 982.) The last-named act empowers and directs the supervisors to annually levy a tax not exceeding one mill on each dollar of assessed valuation upon all property outside of incor-porated cities and towns maintaining free libraries and outside of library districts maintaining district libraries. The library districts referred to are those organized pursuant to the provisions of "An act to allow unincorporated towns and villages to establish, equip and maintain public libraries . . . etc." (Deering's Gen. Laws, 1923, p. 992.) Libra-ries so established are entirely separate and distinct from the school libraries to which reference has already been made.

The last assault upon the judgments is on the ground that the assessment was not uniform because while

a tax was levied upon the property situated in the school districts of Rogers, Del Sur, Redman and Lancaster for the purpose of raising funds with which to pay interest upon outstanding bonds of the Antelope Valley union high school, no tax was levied for similar purposes upon the property in the Esperanza district although all of the districts are included within the high school district. It appears from the county auditor's certificate introduced without objection, that for the purpose mentioned the property in the first named districts was taxed at the rate of fourteen cents on every one hundred dollars of assessed valuation but that property in the Esperanza district was taxed nothing. The plaintiffs offered two resolutions of the board of supervisors, the first authorizing the issuance of bonds by the high school district and the second reciting their sale, but an objection to their reception was sustained. The question to be first determined is whether the omission of the property of Esperanza district voids the assessment. We find a very succinct definition of uniformity in taxation in the case of *People* v. *Whyler*, 41 Cal. 351, wherein it is said: "A tax is equal and uniform, which reaches and bears with like burden upon all the property within the given district, county, etc. It bears the like burden, when the valuation of each parcel is ascertained in the same mode—the mode described by law—and when it is subject to the same rate of taxation as other property within the district, county, etc." The converse of this statement may for our purposes be stated to be, that where the property is not subject to the same rate as other property within the district the tax is not equal and uniform. Other expressions illustrating the necessity of uniform taxation may be quoted. From *People* v. *Eddy,* 43 Cal. 339 [13 Am. Rep. 143], we cull the following: "It is impossible to conceive of any law which is more imperatively required, by the principles of good government and the just rules of political economy, to be equal and uniform, than a revenue law. That the burdens of taxation should rest equally upon all property within the state ought to be axiomatic, not only in theory, but in practice." We select an excerpt from *Cottle* v. *Spitzer*, 65 Cal. 456 [52 Am. Rep. 305, 4 Pac. 435], in these words: "It is settled policy of all governments, republican in form, that the burdens of taxation shall fall equally upon their citizens. Where resort

is had to direct *ad valorem* taxes for the purpose of revenue in order to carry out both the letter and spirit of that policy, it becomes necessary that property should be assessed for taxation not only according to a just and uniform standard of value, but that *all* property should be thus assessed and taxed; for if the property of A is taxed, and that of B is left to go untaxed, it is manifest that the burdens of taxation have been very unequally imposed upon the people. Consonant with this principle, which is a cornerstone in the structure of a free government, the Constitution of the state provides that 'all property in the state, not exempt under the laws of the United States, shall be taxed in proportion to its value, to be ascertained as provided by law.' " We might continue such quotations to greater lengths for the books abound with declarations of the fundamental principle. But sufficient has been said to accentuate the vice of the assessment under consideration. If the property in the Esperanza district could legally be left 'free from the tax levied upon the remaining districts included within the high school district, then it must "follow as the night the day" that the total tax might with like effect be levied upon the property of only one of the elementary districts, while all of the others were permitted to escape their proper share of the burden.

What effect then does the invalid assessment have upon the tax deed? The answer is found in *Holland* v. *Hotchkiss,* 162 Cal. 366 [L. R. A. 1915C, 492, 123 Pac. 258, 260], as follows: "No proposition is better settled than this, that proceedings to sell property for taxes are to be strictly followed and that if there is any material irregularity in the assessment or in the subsequent proceedings, the sale, and the certificate and deed based thereon, are absolutely void."

Judgments reversed and new trials ordered.

Craig, Acting P. J., and Burnell, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 9, 1930, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 6, 1930.