Chief Justice Robertson
delivered the Opinion of the Court.
Blandford and Jewell entered into a covenant in which the former undertook, as a mill-wright, to build for the latter, fwo mills of a specified kind, and within a prescribed time; and the latter agreed to furnish certain materials, and make other provisions for the erection and completion of the job, and to pay the former twelve hundred dollars for the work when completed.
After only an inconsiderable portion of the work had been done by Blandford, he sued Jewell, on the covenant, averring that he had prevented him from progressing with the job, and had refused to furnish necessary materials and other facilities indispensable to the completion of the work covenanted to be done by the plaintiff.
Upon evidence from which the jury might, perhaps, have been authorized to infer a non-performance by Jewell, as alleged, and a refusal by him to permit Bland-ford to progress with his work, a verdict and judgment were rendered for twelve hundred dollars in damages. And the Circuit Court having overruled a motion to arrest the judgment for alleged defects in the declaration, and also having, afterwards, overruled a motion for a new trial, Jewell has brought the case here for revision.
We are inclined to the opinion that the declaration, liberally construed, may be sufficient — if, in such a case, where there has not been a full performance by the plaintiff of a condition precedent, an action can be maintained on the covenant.
An opinion favorable to the maintainance of such an action, in such a case, was intimated by this Court, in the case of Chamberlin et al. vs. McCallister et al., 6 *473 Dana, 352; and upon full consideration, we now decide that, such an action may be maintained on the ground that the defendant had been guilty of a breach of covenant in preventing the plaintiff from performing his own part of it.
A motion in arrest of judgment, undone foranew trial, may both be made successively, in the same case; and, in this country, it is not material which is first.
Where certain covenants on the part of the pltf. constitute conditions precedent, which the deft, prevented him from performing, the extent of the Eltf’s recovery is is 'actual damage — not what he would have been entitled to for a full perform anee — as was de 352d’ 6 °ana’ posé, p. 476-7°e And, the verdict being for the full sum, when there was but a partial fudgnT/reversed for excessive dam msü-üctions^were not erroneous, The principle set linvs!McCaHis-ter, e Dana, and reasserted in this case (ante 473,) is not restricted in its application to contracts that are susceptible of apportionment ; it applies to those that are indivisible. Various doctrines in actions upon covenants with conditions precedent (contended for in the petition) recognized as well established ; but shown to be either not applicable to such covenants as that in Chamberlin & McCallister, and in this case, or to be accordant with the principles settled in that case & this.
*473 We shall therefore consider only two other questions: first — Did the previous motion in arrest of judgment, preclude Jewell from a right to aslc a new trial? and, secondly — Was he entitled to a new trial?
First. Cases may, we know, be found in the .British books, in which Judges in England decided, that a motion for a new trial comes too late after an unsuccessful motion to arrest the judgment; and the only reason given for such a practice seems to have been that assigned by Bayley, Justice; and that is because, as he said, by moving to arrest the judgment the party acknowledged that there was no valid objection to the verdict. But that assumption is, in our judgment, unreasonable, and the estoppel deduced from it, seems to be equally so.
If it be true that a motion in arrest is an implied •waiver of a right to a new trial, should not a motion for a new trial equally operate as an implied admission that there is no cause for arresting the judgment? And, considered as an original question, is there, should there be, any such implied admission or waiver in either case? We think not. Indeed, in England, this is a mere matter of practice only, and arose in England, from the peculiar organization and powers of its Courts. Ther'e is no principle in it. Our practice is different, and is, therefore, in our opinion more consonant with justice and all the ends of the law.
We do not hesitate, therefore, to decide that the motion for a new trial did not come too late in this case, and the more especially, as by not objecting to it when made, the plaintiff in the action waived the technical objection which the British practice, if it had been adopted here, might have authorized him then only to make.
Second. The only substantial distinction between the case of Chamberlin et al. vs. McCallister et al. (supra,) and this case, is that, in that case, the Court instructed *474 the jury to find the whole sum agreed to be paid for the completion of the entire job covenanted to be performed, and the record in this case does not show that any instruction was given by the Court. But that difference between the two cases cannot materially affect the application to this case, of the principle settled in the case reported; because there being, in this case, no proof of any special damage, and the work which had been done being very inconsiderable, when compared with all that Blandford undertook to perform for twelve hundred dollars, it is perfectly evident that, according to the case in 6 Dana, he was not entitled to twelve hundred dollars in damages; and that, therefore, it was the duty of the Circuit Court to have granted a new trial on the ground that the assessment was excessive, anc[ clearly unauthorized. ^
, . . . We are still well satisfied with the opinion m 6 Dana9 (suPra‘) It iu our judgment, maintainable upon both principle and authority; and is the true exposition of the law applicable to this case, and being so, is undoubtedly decisive of the question as to a new trial.
Wherefore, it is considered that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.