Judge Simpson
delivered the opinion of the Court.
The parties entered into a written contract., which they both executed, for the performance b.y the plaintiff, of certain specified work for the defendant, in the manner therein described; for which the latter bound himself to pay to the former the sum of two hundred and forty dollars, one year and six months after the completion of the work, and to board him and his wife, and the hands in his employ, during the time he was performing the contract.
The plaintiff sued the defendant in an action of assumpsit, for work and labor done, and it was proved upon the trial, that the work was performed under the written agreement between the parties and according to its terms, so far as it had progressed, and that the plaintiff was proceeding to perform it agreeably to the stipulations of the written contract, when he was prevented by the defendant, who refused to permit him to complete it, he having at that time finished all .the work, except a small part of it, not exceeding in value a sum from twenty to forty dollars. Thereupon he immediately commenced this action.
Upon that testimony the Court below instructed the jury to find for the defendant, and a verdict and judg *31 ment having been rendered accordingly, the plaintiff has brought the case to this Court for revision.
Where complete performance of a contract is prevented by one party, the other party is excused and may maintain his action: (Jewell vs Bland ford, 7 Dana, 473.)
If one party to a written contract to perform work ' perform'din part and its performance preven, ted by the other, the remedy is still upon the written contract#
When a written, contract has been performed in part, and its full performance has been prevented by the defendant, the plaintiff may maintain an action of covenant upon the written agreement, a complete performance on his part being excused by the act of the other party: (Jewell vs. Blandford, 7 Dana, 473.)
It is argued however, that notwithstanding the action of covenant may be maintained, the action of assumpsit will also lie, the plaintiff having either remedy, at his election. The argument is based upon the assumption that the act of the defendant in preventing the plaintiff from performing the contract, is such a violation and abandonment of it by the former, that he cannot rely upon it for any purpose, and gives to the latter the right at his option, to regard it as still obligatory, or to treat it as rescinded, and bring an action of assumpsit for the value of the services rendered under it.
We do not deem it necessary to decide definitely at this time, whether the acts of a party to a written contract like the one under consideration, would in any state of case, authorize the otherparty to regardthecontract as rescinded. But in a case like the present, where there has been a partial performance by both parties, and the contract has not been repudiated by the defendant, although he may have disregarded it, in preventing the plaintiff from finishing the work according to its terms and stipulations, and where the plaintiff’s remedy is complete upon the written contract, the mere act of the defendant in preventing full performance by the plaintiff, does not amount to or authorize the plaintiff to regard it as a recision of the contract.
The remedy by action of assumpsit upon the implied contract, is according to well settled principles, merged in the remedy allowed upon the covenant, and as the written agreement was still obligatory upon the parties, the plaintiff’s only remedy was an action of covenant upon the writing.
Porter fy Smith for plaintiff; U. Turner for defendant.
Wherefore the judgment is affirmed.