[No. 5057.]

## JEROME B. COX AND THOMAS J. ARNOLD *v.* CHARLES McLAUGHLIN.

CONTRACT AS EVIDENCE.—Where a variance has occurred in the performance of a specific contract, under such circumstances as still enable a plaintiff to maintain an action on the implied promise to pay the reasonable value of the work actually done, and the contract, so far as it has been performed, has been performed *in accordance with the specifications* therein contained, the contract may ordinarily be introduced as evidence of value.

IDEM.—The point not determined whether, when the contract provides for an arbitrary and merely conventional standard of determining what work has been done, the contract which does not show what work has in fact been done is admissible.

CONTRACT—PLEADING.—Where the complaint sets out a contract for the performance of work, and alleges that the completion of the work was "prevented," the action is upon the contract—part performance and prevention.

Idem.—In such a case, the fact that the complaint does not allege damages by reason of loss and profits on the whole job does not change the character of the pleading, nor of the proofs necessary to sustain it. Unless prevention is proved and found, the plaintiff is not entitled to recover.

Failure to Pay an Installment Due is not Prevention.—Where work is to be done under a contract, by the terms of which payments are to be made to the contractor in installments, the mere failure to pay an installment as it becomes due does not amount to prevention, and will not authorize the contractor to abandon the work and sue for all the benefits he would have received upon full performance.

Appeal from the District Court, Third Judicial District, County of Alameda.

The action was originally brought against the W. P. R. R. Co., the W. P. R. R., the C. P. R. R. Co., and Charles McLaughlin, to foreclose a mechanic's lien upon a section of the W. P. R. R. Judgment of foreclosure was rendered and the defendants appealed to this Court, where the judgment below was reversed, as will be seen in the report of the case, 44 Cal. 18. When the case was remanded to the lower Court, the plaintiffs amended their complaint by alleging that they were prevented from completing the road within the time prescribed by the contract. The defendants filed demurrers, which were sustained, and the plaintiffs appealed. The Supreme Court affirmed the judgment as to the railroad companies, and reversed it as to defendant McLaughlin. Upon the second return of the case to the District Court the defendant answered, the cause was tried, and judgment was rendered for the plaintiffs. The defendant moved for a new trial, which was denied, and he appealed.

The ninth finding referred to by the Court is as follows:

"The defendant Charles McLaughlin retarded prosecution of the work under the contract very much, directing suspension of the full force of men that could and would have been employed in prosecution thereof, and said McLaughlin, well knowing that the plaintiffs had to rely upon the moneys they received from him to pay for the materials furnished and labor and services rendered in performing said contract, and that by refusing to

let plaintiffs have their money as it became due, they could not carry on the work, he utterly refused to pay them their money as it became due, for the purpose and with the intent to prevent them from completing their work under said contract, and he did thus prevent them from completing the same."

The other facts are stated in the opinion of the Court and in the reports of the former appeals referred to above.

*S. M. Wilson, Campbell, Fox & Campbell,* and *Tully R. Wise,* for Appellants.

1. The Court erred in excluding the contract as evidence of the value of the work. It was competent to show the reasonable value.

2. The complaint counts upon a *special contract in writing* not performed by the plaintiffs, but which they allege they were prevented from performing by the defendants, and they seek to recover upon the prices set out in the first contract, without reference to the second. This they cannot do. ( *Cutter* v. *Powell,* 2 Smith's S. C. 506 ; *Ford* v. *Smith,* 25 Ga. 679.)

3. Prevention here could only be by an affirmative act ; mere failure to pay did not constitute prevention. (*Palm* v. *The Ohio & Miss. R. R. Co.* 18 Ill. 219 ; *County of Christram* v. *Overholt et al.* 18 Ill. 227.) These cases cover this case exactly. In the first the plaintiff attempted to recover upon a contract unperformed. There, as here, the work was to be paid for in installments, and the defendant neglected to pay for an engine when it was delivered. The next case is even stronger in our favor; for the defendants not only failed, but also refused to pay.

To the same effect is *Wright* v. *Haskell,* 45 Me. 492, where it is held that a refusal on the part of the defendant to pay does not constitute such a breach as authorizes the plaintiff to rescind. It must be an active prevention, not a passive one. In *Withers* v. *Reynolds,* 2 Barn. & Adol. 882, Patterson, J., said that had the defaulting party merely refused to pay for a load of hay, that might not have excused the other party from

delivering more straw, but he expressly refused to pay as delivered. The Court thus draws a distinction between a repudiation of a contract and neglect or inability at the time to comply with it. (See, also, *Franklin* v. *Millen*, 4 Ad. & E. 599; *Rankin* v. *Darnell*, 11 B. Mon. 31.)

*John B. Felton, McAllisters & Bergin, Moses G. Cobb,* and *J. P. Hoge,* for Respondents.

1. The exclusion of the contract was not error. It was not set out in the complaint; its supposed legal effect was alleged. There was no pretense of any variance, much less that the parties were misled to their prejudice. The evidence was fully gone into upon all the issues.

2. In the case at bar, whilst the plaintiffs were diligently engaged upon performance of the contract, the defendant not only refused to pay, but charged that the contract was a fraud on him, which he repudiated, and has ever since repudiated as such. Was not this prevention?

We think it was, and in support of that proposition we will now call the attention of the Court to the following authorities directly on the point:

In the *Canal Company* v. *Gordon*, 6 Wall. 561, the work was to be paid for monthly as the work progressed, and if this money was not paid when due, it was *to bear* interest, thus showing *intended credit.*

Under the contract, Gordon & Kenyon worked until June 7th, 1853, at which time they were entitled to about $20,000 due for work done in the preceding month of May. The money not having been paid on that day, they notified the company that, owing to such non-payment, the contract was annulled and at an end. Subsequently suit was brought to enforce payment, and to have a lien declared on the work for the amount of work actually done. A decree was rendered in favor of the plaintiffs, and upon appeal, the Supreme Court, speaking upon this point, say:

" This part of the case has been argued very fully by counsel

on both sides.   We have looked carefully into the evidence.
The result is, that we are entirely satisfied with the report, and
in this respect with the decree.   We think the fault of the
rupture lies wholly with the company.   Gordon & Kenyon ad-
hered to the contract, and pursued the work longer than they
were bound to do.   When they retired they were fully justified,
and had a clear equity to be paid for the work they had per-
formed."

In *Phillips, etc., Const. Co.* v. *Seymour,* 91 U. S. Rep. 1
Otto, 647) which was the case of a contract to construct a rail-
road, which was to be paid for in monthly installments as the
work progressed, upon estimates furnished, as in the case at bar,
work was done under the contract, when for non-payment for
work done the contractors stopped work, and brought suit to
recover for what they had done.   Upon this point the Court say:

" Plaintiffs here had already performed, and the defendant
failed to do its corresponding duty under the contract; and de-
fendant having defaulted on a payment due, plaintiffs are not
required to go on at the hazard of a further loss."

See, also, *Freeth* v. *Burr,* Law R. 9 Com. P. 208; *Cort* v.
*Ambergate,* 6 Eng. L. & Eq. 230; *Bernardy* v. *Haring,* 8 Ex.
822; *Planche* v. *Colburn,* 8 Bing. 14; *Thompson* v. *Laing,* 8
Bosw. 485; *Lamoroux* v. *Rolfe,* 36 N. H. 36; *Shaw* v. *Grandy,*
5 Jones, (N. C.) 57; *Grandy* v. *Small,* Ibid. 51; *Hochester* v.
*De Latour,* 20 Eng. L. 160.


By the COURT:   ·

If, after this cause shall have been remitted to the District
Court, the plaintiff shall ask and the Court shall permit an
amendment of the complaint by the insertion of an averment
of the actual value of the work done, it will remain for plaint-
iffs to *prove* the actual value.

Where a variance has occurred in the performance of a
specific contract, under such circumstances as still enable a
plaintiff to maintain an action on the implied promise to pay
the reasonable value of the work actually done, and the contract,

so far as it has been performed *in accordance with the specifications* therein contained, the contract may ordinarily be introduced as evidence of value.

But whether, when the contract provides for an arbitrary and merely conventional standard of determining what work has been done, an appeal to which does not show what work has in fact been done, the contract is admissible as evidence of the actual value, is not a question an answer to which is necessary to the determination of this appeal.

When the cause was here on the first appeal, this Court held the contract between McLaughlin and Cox, Myers & Co. to be an *entire* contract, and said : " It is not alleged in the complaint that the work contracted to be performed has been completed, nor that its performance has been *prevented* by McLaughlin, or that the contract has been rescinded." (44 Cal. 27.)

After the cause was returned to the District Court, the plaintiffs, adopting the suggestion of this Court, amended their complaint by inserting the averment that defendants had " prevented " the completion of the work. There can be no doubt, as we intimated at the former hearing of this appeal, that the complaint, as amended, is an attempt to declare specially upon the contract part—performance and prevention.

The fact that it does not allege damages by reason of loss and profits on the whole job does not change the character of the pleading, nor of the proofs necessary to sustain it. Unless prevention was proved and found, the plaintiffs were not entitled to recover anything on the. *contract.*

The *ninth* is simply a finding that defendant did not pay plaintiffs their money as it became due. We have nothing to add to what we have already said in respect to this *finding*, except that the language that the defendant neglected and refused to pay, " well knowing that plaintiffs had to rely on the moneys received from him," adds nothing to its effect. Even if, under any circumstances, the failure to pay would authorize the plaintiffs to cease work and bring suit on the contract, (the parties having omitted to insert a provision in the written contract that such failure should constitute prevention) there is no finding

that defendant knew *at the time the contract was entered into*, that plaintiffs relied entirely on his payments to them, or that such reliance was an inducement to the contract on their part. It is manifest that the *motive* which induced him to refuse or neglect payment cannot affect the rights of the parties under the contract.

There is no finding, in general terms, that defendant " prevented " plaintiffs from performing their contract fully. Nor is there any finding, or evidence tending to prove, that he failed entirely, or prevented, by notifying plaintiffs that he would pay none of the installments as they should become due.

We are, therefore, brought again to the question—in cases like the present, will the *mere* failure or refusal to pay an installment as it becomes due, authorize the other party to abandon the work, and yet to bring suit for recovery of all the benefit he would have received had he fully performed—that is to say, the contract price up to the time the work ceased, and such profits as he would have made had he performed his contract in all respects ?

An examination of the cases cited by plaintiffs' counsel has not satisfied us that such mere failure to pay has ever been held to be prevention.

In *Withers* v. *Reynolds,* 2 Barn. & Ad. 882, Patterson, J., said : " If the plaintiff had merely failed to pay for any particular load, that of itself might not have been an excuse to defendant for delivering no more straw; but the plaintiff here expressly refused to pay for the loads as delivered." The case was commented on in *Franklin* v. *Miller,* 4 Ad. & Ell. 599. Coleridge, J., there said: " In *Withers* v. *Reynolds,* each load of straw was to be paid on delivery."

When the plaintiff said that he would not pay for his loads on delivery, that was a *total failure,* and defendant was no longer bound to deliver." (See note to *Cutter* v. *Powell,* 2 Smith's Leading Cases.)

In *Masterton* v. *Mayor of Brooklyn,* (7 Hill, 64, 65) the plaintiff having continued to furnish marble, as required by his contract, up to a certain date, the defendants suspended oper-

ations upon the building, *and refused to receive any more materials of the plaintiffs, though the latter were ready and offered to perform.*

*Canal Company* v. *Gordon,* (6 Wall. 561) construes a statute of California in respect to mechanics' liens, and holds that where a contract is to complete a structure, with agreements for installment payments, a failure to make a payment at the time specified justifies an abandonment of the work, and entitles the contractor to receive *a reasonable compensation* for the work actually done.

In *Hale* v. *Trout,* (35 Cal. 242,) there was prevention, or total refusal. Sawyer, J., said: "There was not merely a neglect of payment, but plaintiffs were notified by the defendants that *they should treat the contract as at an end, and would receive no more lumber under it.*"

*Cort* v. *Ambergate Railway Company.* This case is reported in Langdell's Select Cases on Contracts, 970. Lord Campbell said: "On the whole, we think we are justified on principle, and without trenching on any former decision, in holding that when there is an executory contract for the manufacturing and supply of goods from time to time, to be paid for after delivery, if the purchaser, having accepted and paid for a portion of the goods, *gives notice to the vendor not to manufacture any more, as he has no occasion for them, and will not accept or pay for them,* the vendor having been *desirous and able* to complete the contract, he may, without manufacturing and tendering the rest of the goods, maintain an action against the purchaser for breach of the contract."

*Jones* v. *Barkley,* (2 Douglass, 684) and *Ripley* v. *McClure,* (4 Exch. 344) simply hold that where an act is covenanted to be performed by each of two parties at the same time, he who is ready and willing to perform may be *discharged* of performance by the other, and, if so discharged, may maintain his action on the contract.

None of the cases above referred to declare the proposition that failure to pay an installment on a contract of the kind here sued on will authorize an action like the present.

For the reasons mentioned in the former and present opinion, the judgment and order denying new trial are reversed, and the cause remanded for a new trial.

WALLACE, C. J., and CROCKETT, J., did not participate in this decision.