R. B. WASSON, PLAINTIFF IN ERROR, V. ALFRED L. PALMER, DEFENDANT IN ERROR.

1. **Vendor and Vendee:** BREACH OF CONTRACT: DEED. Where the vendee of real estate refuses to perform the contract on his part and an action is brought to recover damages for the breach, no tender of a deed for the property is necessary before bringing the action. The rule is different, however, where the action is to recover the contract price.

2. ———: DAMAGES. In an action by the vendor to recover from the vendee damages for a failure on his part to perform the contract, the measure of damages is the difference between the agreed price and the market value of the property at the time of the breach.

3. **Evidence examined,** and *Held,* Not to sustain a verdict for $758 damages, and leave given to remit.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Harwood, Ames & Kelly,* for plaintiff in error.

*Lamb, Billingsley & Lambertson,* for defendant in error.

MAXWELL, J.

This case was before this court in 1882, the judgment of the district court being reversed. 13 Neb., 376. On the second trial a verdict was returned in favor of Palmer for the sum of $758, upon which judgment was rendered. It is alleged in the petition that on the 3d day of May, 1877, the plaintiff in error purchased from the defendant certain real estate adjoining the city of Lincoln, for the sum $7,000; that $100 in cash was paid at the time of the sale, and the sum of $3,000 was to be paid in thirty days, and $3,900 in sixty days thereafter; that the plaintiff herein wholly failed to comply with said contract, etc. Wasson in his answer admits the making of the contract and the payment of the money, but alleges the failure of Palmer to tender a warranty deed, and that said premises were incumbered with divers judgment liens and mortgages; that after the failure to complete the contract he and Palmer entered into a mutual agreement whereby he was released from all liability on the contract; that Palmer suffered no damages by his failure to complete the contract as the premises were of much greater value than $7,000., Mr. Wasson, at the time he made the contract, was a resident of Ohio, and on returning home after making the same, wrote the following letter to his attorney :

"DOYLESTOWN, OHIO, May 8th, 1877.
*" J. E. Philpott, Esq.:*

" DEAR SIR—I have just returned home, have not been here long enough to fully learn the situation; but unless it turns out different from the outlook at this writing I will have to let my bargain in the Palmer residence together with the $100 forfeiture inure to the benefit of Judge

Palmer.    I think I will be able to secure myself against serious loss but will have property instead of money, and it may postpone my removal to your state for some time, I may be able to hypothecate some paper that I have for available funds; the chances for this, however, are against me, as I am not entitled to any bank accommodation except in New York, and the paper I have is not quoted nor salable as stocks in that market.    The money crop in the country banks is so short that about all they can do is to take care of their regular customers, but when I have time to look around I may find things more favorable.    Should such be the case I will advise you.    I trust the "hopper" will pass off as only a scare, for the reason that this overcrowded country is looking in that direction, and the only detriment is fear of the insect, and unless some power unseen stops him he is certain to come here, being steadily on the march, and I learn is already as far east as the Mississippi.    Please acquaint Mr. McMurtry (Palmer's agent) with the matter contained herein relating to the Palmer premises.

"Yours truly,

" R. B. WASSON."

The testimony conclusively shows that Wasson refused to complete the contract on his part, but his refusal was not placed on the ground of incumbrances on the property, but from his inability to meet the payments.    Considerable stress is laid upon the failure of Palmer to tender a deed to Wasson before bringing the action.    Where the vendor sues the vendee to recover the purchase money he must tender a deed, and if need be bring it into court to be delivered on the payment of the price.    The reason is, he cannot keep the land and recover the consideration also. *Laird v. Pim*, 7 Mees. & W., 474.    *Richards v. Edick*, 17 Barb., 260.    *Wilson v. Martin*, 1 Denio, 602.    *Spencer v. Halstead*, Id., 606.    *Clark v. Mayor*, 4 Comst., 338. *Rankin v. Darnell*, 11 B. Mon., 30.    But where the action

is merely to recover damages for a breach of the contract which the vendee has refused to perform no tender is necessary. Mr. Wasson in his answer admits the contract, admits his failure to perform, but justifies by alleging, first, a compromise with the vendor, and second, that the vendor has sustained no damages. On the issues as made by the pleadings no tender of a deed was necessary to put the plaintiff in error in default. He pleads his refusal to receive the deed, and claims justification.

Where the vendee refuses to complete his contract, and an action is brought by the vendor to recover damages for the breach of contract, the measure of damages is the difference between the agreed price and the market value of the property. *Griswold v. Sabin*, 51 N. H., 167. *O. C. R. R. v. Evans*, 6 Gray, 25. *Sanborn v. Chamberlin*, 101 Mass., 409. *Menson v. Kaine*, 63 Penn. St., 335. *Laird v. Pim*, 7 Mees. & W., 474. And this was the rule adopted by the court in the trial of the case.

2. A verdict for $758, however, cannot be sustained. While there is some conflict in the evidence as to the value of the property at the time the contract was broken, a clear preponderance of it shows the value at that time to have been, at least, $6,500. Some of the witnesses place it much higher than that, and it is apparent that no verdict fixing the value of the property at less than that sum can be sustained. It would subserve no good purpose to review the testimony at length or give a synopsis of that of each witness. Palmer has leave to remit from the verdict within 30 days the sum of $358, in which case the judgment will be affirmed. Otherwise the judgment of the district court is reversed with costs to date.

JUDGMENT ACCORDINGLY.

THE other judges concur.