CHRIS SCHINSTOCK, APPELLEE, V. GORDON B. BUTTERFIELD, APPELLANT.

5 N. W. (2d) 86

FILED JULY 24, 1942. No. 31406.

*Frederick M. Deutsch,* for appellant.

*George W. Dittrick* and *Jack Koenigstein, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an action by Chris Schinstock, plaintiff and appellee, against Gordon B. Butterfield, defendant and appellant, for the recovery of a commission as real estate broker.

There is no dispute as to the material facts in the case. A summary of the facts necessary to be considered here are the following: Prior to October 10, 1939, the defendant by oral agreement engaged the plaintiff to procure for him a purchaser for certain real estate in Cherry county, Nebraska. The plaintiff procured as a purchaser one Carl H. Neitzke, and by contract of sale dated October 10, 1939, signed by Carl H. Neitzke and defendant, defendant sold the real estate to Neitzke for the consideration of $8,000. The pur-

chaser by the terms of the contract agreed to assume the balance of payment on federal land and land commissioner loans due subsequent to November 1, 1939. Further conditions were that the purchaser was to give to defendant a note for $1,000 due within ten days after the date of the contract, and he was to pay the balance of the purchase price in amounts of not less than $500 on each succeeding April 1. In performance of the contract the $1,000 note was given and in due course paid.

On October 18, 1939, following the execution of the real estate contract the defendant paid to plaintiff $200 as part of his commission, and at that time the following instrument was executed and signed by plaintiff and defendant and delivered to plaintiff:

"Norfolk, Nebraska
"October 1, 1939

"Received of Gordon B. Butterfield Two Hundred and No/100 Dollars, as one half commission due on sale his ranch to Carl H. Neitzke.

"Balance of the commission is to be paid from second ranch payment received from Carl H. Neitzke.

"G. B. Butterfield
"C. Schinstock."

On or about March 18, 1940, before the first payment of $500 was due under the terms of the contract, by mutual agreement and payment of $150 by defendant to Neitzke the parties abandoned the contract of sale of the real estate.

The defendant failed to pay the balance of the commission amounting to $200. Thereupon plaintiff filed a petition in which he set forth the oral agreement, the payment of $200 and the foregoing quoted written instrument, and prayed judgment in the amount of $200.

To the petition the defendant demurred generally and demurred further on the ground that there was another action pending. The demurrer was overruled, whereupon the defendant answered by way of general denial.

A trial was had to a jury which resulted in a verdict and

judgment in favor of plaintiff and against the defendant for the amount prayed in the petition.

From this judgment the defendant has appealed. Five errors are assigned as grounds for reversal.

The first error assigned is the ruling on the demurrer. This assignment is without merit in the light of the contents of the petition, and in any event from comments in the brief we conclude that it is the purpose of defendant to abandon it.

The other four errors relate to the sufficiency of the evidence for submission of the case to the jury and to sustain the verdict and judgment.

As we view the record the only question presented is as to whether or not the quoted agreement to pay the balance of commission may, under the evidence, be enforced.

The contract of sale of real estate was unquestionably a valid one and binding on the parties thereto. It was duly executed and delivered, and Neitzke had made all payments required of him up to the time it was mutually abandoned, so therefore all questions of a purchaser ready, willing and able to buy are eliminated.

The sole controversial question presented by the pleadings and evidence, the instructions to the contrary notwithstanding, was that of whether or not T. J. Adams brought about the contingency which prevented the further performance of the real estate contract and that plaintiff was chargeable with the acts of Adams, and that thereby the written obligation sued upon was not permitted to mature. No error is predicated on the giving or refusing of instructions so that matter requires no consideration.

The evidence of defendant discloses that in February, 1940, Adams gave information to defendant that Neitzke did not intend to further perform the real estate contract, and that it was on this information that defendant acted when he negotiated and obtained its mutual abandonment.

Defendant contends that Adams was a joint adventurer with plaintiff by reason of his interest in the commission, and that therefore defendant had a right to rely on the in-

formation received from Adams and bring about an abandonment of the contract, and that in so relying and in bringing about the abandonment before maturity of the obligation sued upon a recovery could not be had by plaintiff.

To support his contention defendant cites many authorities, but none of them support his position here. They support a contention that the acts of one joint adventurer may defeat a right of recovery by another with regard to a subject-matter in which both are concerned, but that is not the case here.

Here the plaintiff and his joint adventurers had fully performed each and every act that their engagement called upon them to perform. They had produced a purchaser who had in fact been accepted by defendant, and an agreement for the sale of the real estate was entered into and a part of the purchase price was paid. A contract was entered into which was valid and enforceable and from whose obligations neither party could withdraw without the consent of the other.

Mere information, even coming from one of the agents who brought about the sale, in the absence of fraud, and no fraud is charged here, leading the seller to the belief or knowledge that the purchaser would not make the further payments required of him under the terms of his contract would not defeat the right to recover the agency commission. No authorities are cited holding to the contrary.

In *Reasoner v. Yates*, 90 Neb. 757, 134 N. W. 651, it is stated:

"The fact that the contract is canceled afterwards by mutual consent of the vendor and the vendee can in nowise affect the right of the agent to recover the agreed compensation for procuring a purchaser, where the vendee has at all times been in such a position that performance could have been enforced."

This is a statement of legal principle made where the contract was executory and sale had not actually been made. In the case at bar the contract of sale had been executed and the sale consummated, and from the situation thus presented the question of whether or not performance by the vendee

could have been enforced is not before us. He had already performed the contract to which the commission agreement related.

We are brought to the conclusion that, the sale having been consummated for which the services of plaintiff had been engaged and for which defendant had agreed to pay, plaintiff is entitled to recover unless that right is defeated by the condition contained in the agreement for payment.

It is true that the stated condition upon which the right to payment under the instrument pleaded depended never occurred, that is, that the balance of commission was to be paid from the second ranch payment. This second payment was never made, but it was prevented by the mutual abandonment of the contract by the acts of the parties to the contract.

The occurrence of the condition was prevented by the act of the defendant who was the promisor in the agreement to pay the balance of commission. The applicable rule in relation thereto is found in 1 Restatement, Contracts, sec. 295, as follows:

"If a promisor prevents or hinders the occurrence of a condition, or the performance of a return promise, and the condition would have occurred or the performance of the return promise been rendered except for such prevention or hindrance, the condition is excused * * * ."

The defendant may not here assert the failure of the condition as a defense in view of the fact that by his own voluntary act the performance of the condition was not required.

The judgment of the district court is

AFFIRMED.