HAROLD HAHN ET AL., APPELLANTS AND CROSS-APPELLEES, v. INTERNATIONAL MANAGEMENT SERVICES, INC., ET AL., APPELLEES AND CROSS-APPELLANTS.

298 N.W.2d 140

Filed October 31, 1980.   No. 42959.

William Jay Riley of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler for appellants.

Conway and Connolly for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This was an action for damages on a contract for the sale of real estate. The trial court found that the plaintiffs were entitled to recover damages in the amount of $10,000. The plaintiffs have appealed and the defendants have cross-appealed.

The plaintiffs own an 8-acre tract of land in Adams County, Nebraska, near Hastings. In 1974, Highland Heights Nursing Home, Inc., commenced construction of a 63-bed nursing home upon the property. After construction had begun, the project developed financial difficulties. The contractors involved in the construction of the home filed mechanic's liens which later were foreclosed. At the sale, the property was purchased by Harold Hahn as trustee for the contractors who held liens on the property.

In June 1975, other investors became interested in the project. On July 24, 1975, the defendant International Management Systems, Inc., entered into a contract with the plaintiff Hahn to purchase the property. The controversy arises out of the failure of the defendant buyer to perform the contract.

The contract provided that the buyer, International Management Systems, Inc., agreed to purchase the land "if the agreements described hereafter are executed . . . ." The buyer further agreed to deposit $181,740.70 on or before August 4, 1975, with the City National Bank of Hastings, Nebraska, as escrow agent in full payment for the land. Of this amount, $30,000 was to be held for 4 months to discharge any mechanic's liens that might exist against the property.

The seller trustee agreed to furnish an abstract of title to the property and to convey marketable title to the buyer on August 1, 1975.

At the time the contract was signed, the buyer delivered a check for $151,740.70 to the seller. On July 31, 1975, this check was returned for insufficient funds. On August 2, 1975, the buyer delivered certified checks in the amount of $30,000 and $20,000 to the seller and

an addendum to the contract was executed. The addendum provided that at the option of the seller, the seller could recover $10,000 as liquidated damages if the buyer failed to perform.

When the buyer failed to deposit the balance of funds as provided in the contract, the seller declared a default. This action was commenced October 15, 1975.

The principal issue is whether the buyer was not required to perform because the conditions stated in the contract were not satisfied. Paragraph 8 of the contract provided as follows:

"8. Conditions. Seller agrees that Buyer shall be under no obligation to close hereunder if Buyer is unable to enter into the agreements described below on the terms orally agreed to previously between the Buyer and the parties described below.

"a. Four agreements between the Buyer as builder, and Hahn & Hupf Construction, Inc., ABC Electric of Hastings, Inc., Dial Heating & Air Conditioning, Inc., and James Bamford, as contractors for the finishing of the construction of a 63-bed nursing home on the property for the total payment by Buyer of the sum of Four Hundred Sixty Thousand Six Hundred Eighty and 00/100 Dollars ($460,680.00) to such contractors.

"b. An agreement between the Buyer and Highland Heights Nursing Home, Inc., for the purchase of the stock of the latter by Buyer on terms previously agreed to orally between the attorneys for both such corporations.

"c. An agreement between Buyer and Vera Plum and Marjorie Plum of Hastings, Nebraska, for the employment of Vera Plum and Marjorie Plum as managers of the nursing home to be constructed by Buyer on the property described above upon the completion of such nursing home."

The agreement was that the buyer was under no obligation to "close" if the buyer was "unable" to enter into the agreements described on the *terms orally agreed to previously*. Before signing the contract, the

parties had agreed that the cost of completing the nursing home would be $460,680. After the contract was signed, contracts for completing the construction of the home and to satisfy the other conditions were prepared by the seller but the buyer refused to execute them. There is no evidence that the buyer was unable to enter into the agreements upon the terms previously agreed to.

The conditions set out in paragraph 8 of the contract were intended to insure that the buyer would be able to complete the nursing home for the price that had been quoted by the seller and protect the buyer against increases in the cost of labor and materials. Paragraph 8 was not an escape clause to permit the buyer to perform or not as it might choose. The buyer was required to make a good faith effort to enter into the agreements referred to in paragraph 8. Its failure to do so excused the condition. A condition is excused if the occurrence of the condition is prevented by the party whose performance is dependent upon the condition. See *Schinstock v. Butterfield*, 141 Neb. 877, 5 N.W.2d 86 (1942).

The evidence shows that the buyer was unable to perform because it was unable to obtain financing but that was not a condition of the contract. Since the buyer failed to perform, the plaintiff was entitled to recover damages for the breach.

The trial court awarded damages in the amount of $10,000, perhaps upon a theory that the liquidated damages provision of the addendum was applicable. The liquidated damages provision was optional with the seller and the record shows the seller sought the actual damages resulting from the breach instead of liquidated damages.

The evidence was that the fair market value of the property at the time of the breach was $8,000. The measure of the damage is the loss of the bargain, the difference between the fair market value of the property and the contract price. *Wasson v. Palmer*, 17 Neb. 330, 22 N.W. 773 (1885). This amounts to

$173,740.70.

As between the parties to the action, the certified checks which were delivered to the seller on August 2, 1975, should be applied upon the judgment. The defendant should be required to return the plaintiff's abstract of title.

The judgment of the District Court is reversed and the cause remanded with directions to enter a judgment for the plaintiff in accord with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

CLINTON and HASTINGS, JJ., not participating.