[No. 5,057.]
COX et al. v. McLAUGHLIN et al.

| 54 | 605 |
|-----|-----|
| 100 | 502 |

[The case was decided, and an opinion filed August 14th, 1876; and, a re-hearing having been granted, was again decided April 5th, 1878. The last opinion refers to and adopts the first; but in the report of the case, (52 Cal. 590) the first opinion is omitted. It is now inserted at the request of Mr. Justice McKinstry.]

Contract—Breach—Damages—Termination of Contract.—When an entire contract is *terminated* by the employer, against the will of the contractor, the latter is not confined to the actual value of the work done, but may prosecute his action for the breach of the agreement, and may recover, as damages, the profits he would have made had he been allowed to complete the work.

Id.—Id.—Id.—Failure to Pay—Definition.— The contract is thus terminated where the employer *prevents* or prohibits the completion of the work—the contractor being ready and willing to perform.  But a mere failure to pay money, due upon the contract before the completion of the work, *does not constitute such a prevention.*

Id.—Id.—Id.—Rescission—Implied Promise.—It seems that, upon such failure to pay, the contractor could treat the specific contract as rescinded, and bring suit on the implied promise of the employer to pay the value of the work actually done.

Id.—Evidence.—In such case, where the work, so far as performed, has been performed in accordance with the specifications of the special contract, such contract may ordinarily be introduced as evidence of value; but whether in the present case the contract is so admissible is not decided.

Appeal from a judgment for the plaintiff, and from an order denying a motion for a new trial, in the Third District Court, County of Alameda.

The argument of counsel, and a statement of the case will be found in the report of the case in 52 Cal. 590.

By the Court, McKinstry, J.:

The judgment appealed from is against defendant McLaughlin alone.   The contract on which the plaintiffs must rely—being that set forth in the answer of defendant McLaughlin—was held to be an " entire contract " in *Cox* v. *W. P. R. R. Co.* 44 Cal. 18.   Assuming that the failure to pay, as alleged, constituted a breach of the contract, the plaintiffs could have treated the specific contract as rescinded, and have brought suit on the

implied promise of defendant to pay the value of the work actually done.

That the present is not an action on the implied promise is apparent, not only from the omission of any averment of the actual value of the work done, but from the whole frame of the complaint.

Where an entire contract is *terminated* by the employer against the will of the contractor, the latter is not confined to the actual value of the work done, but may prosecute his action for the breach of the agreement, and may recover as damages the profits he would have made had he been allowed to complete the work. The contract is thus terminated where the employer *prevents* or prohibits the completion of the 'work—the contractor being ready and willing to complete the work. Such actions have been often sustained by the courts. (Smith's Leading Cases, 7th Am. ed. p. 53 ; *Dillon* v. *Anderson*, 43 N. Y. 237.) But in such cases he *must* declare *specially*, and set forth the readiness or tender, and refusal or prevention.

The language of the complaint before us indicates an intention on the part of the pleader to conform to the precedents in actions of the character last mentioned ; it contains a distinct allegation that the defendant *prevented* the complete performance.

Had the evidence sustained the averment of the complaint, (supposing the pleading in other respects sufficient) the plaintiffs should have recovered not only the amount due when the work ceased, according to the terms of the specific contract, but also such profits as they would have made upon the remainder of the work, had they been permitted to complete the line they had contracted to construct.

The Court below found that the contract alleged by plaintiffs was not the contract between the parties in substance or effect ; but we need not make the decision here depend upon that finding.

The District Court did not find that defendant had prevented the plaintiff from completing the work. The finding on that subject is as follows:

" The defendant, Charles McLaughlin, retarded prosecution of the work under the contract very much, directing suspension

of the full force of men that could and would have been employed in prosecution thereof; and said McLaughlin, well knowing that the plaintiffs had to rely upon the moneys they received from him to pay for the materials furnished, and labor and services rendered in performing said contract, and that by refusing to let plaintiffs have their money as it became due, they could not carry on their work, he utterly refused to pay them their money as it became due, for the purpose and with the intent to prevent them from completing their work under said contract, and he did thus prevent them from completing the same."

By the contract between plaintiffs and defendant McLaughlin, it was provided: "And it is further understood and agreed as aforesaid, that the said party of the second part shall have and enjoy the right to cause the said parties of the first part to increase or diminish the force of laborers, or other means necessary and proper to carry on the work, or to suspend the work entirely, on giving notice to that effect to said parties of the first part, as follows: to increase or diminish such force at least fifteen days, and to suspend the work entirely on thirty days' notice —but all delays of time caused by such notices to suspend work, or to diminish the force as aforesaid, shall be allowed to said parties of the first part, for the completion of said work, beyond the time and times herein stipulated for the completion thereof; and that said parties of the first part shall do and perform such work, or portions thereof, at any and all times, and at such places on the said first section of twenty miles, within the time herein prescribed for the completion thereof, as the said party of the second part shall indicate and require; or any other portion of said work—giving reasonable notice thereof."

It appears that by the contract, defendant McLaughlin was authorized to direct " suspension of the full force of men." His direction that the force be reduced was, therefore, not a prevention.

The inquiry which remains is: Was defendant's neglect to pay money, as it became due, such prevention?

The contract contains no express stipulation which can be so construed as that the payment of any sum, agreed to be paid during the progress of the work, can be held to be a condition

precedent to the completion of the work by the plaintiffs. In *Palm et al.* v. *The Ohio and Mississippi Railroad Company*, 18 Ill. R., the opinion of the Supreme Court of Illinois was delivered by Justice Caton, who said, (p. 219): " I have examined all the authorities referred to by counsel, and have made diligent search myself, but have found no case where the plaintiff has been allowed to recover the losses sustained by not being permitted to complete the contract, unless he has been prevented from going on with his work by the positive affirmative act of the other party, or where the other party has neglected to do some act, without which the plaintiff could not, in the nature of things, go on with his contract: as where he refused to furnish a place whereon to erect a building, or to furnish material which, by the contract, was to be put in the works, and which was to be provided by him. In such a case, the act to be done is clearly a condition precedent and indispensable to enable the other party to go on. Where the act, which the defendant was bound to do, is, by the terms of the contract, made a condition precedent to the performance by the plaintiff, either in the nature of things, or evidently in the contemplation of the parties at the time the contract was entered into, then the failure to do the act does of itself prevent the other party from performing, as much as if he were forbidden to perform it. But nowhere have I found a case, where the failure to pay the consideration for the work as it progresses according to the terms of the agreement, has been held such an act of omission on the part of the defendant as to prevent the other party from completing the contract. It is undoubtedly true that the failure to make such payments may, in point of fact, leave the other party without the means or credit to go on and complete the job; but such is not the necessary result of such a failure, and we cannot safely adopt it as a conclusion of law, that it does prevent the party from going on. The prompt payment of such installments might be indispensable to enable a party of some means and credit to go on, while another of larger means and more extended credit might be able to complete the contract, without embarrassment or sacrifice. Can we inquire into the actual fact, and see whether the non-payment did really stop the plaint-

iff or not, and thus administer one measure of law to the poor man and another to the rich ?    A stranger may, in like manner, prevent the party from performing a contract, and even subject him to damages for non-performance, by failing to pay him money promptly when due; still he cannot be liable for the damages thus resulting, as the consequence of the failure to pay the money.    The law has necessarily prescribed different consequences, and another and uniform measure of damages for a failure to pay money when due; and ordinarily it is the same whether it is due in installments as the work progresses, or when the job is completed and the whole is due.    The defendant might owe the plaintiff upon another account, to become due at a specified time, upon which the plaintiff relies for the means of completing the contract at the time he enters into it, and a failure to pay such money would be as likely to prevent him from going on with the work as if it were an installment due upon the work itself; and there would be as much propriety, both in reason and in law, to permit him to say that the defendant had thereby prevented him from fulfilling his contract, and call upon him to pay for what profits he would have made, had he not been thus prevented from going on with the work.    When money becomes due upon a partial completion of a contract, it is difficult to say that it is any more than so much money due the party, and which ought to be paid to enable him to complete that or some other enterprise, as his interests or inclinations may dictate; and to thus distinguish it from money which may be due him upon any other account.    If the money is paid when due, it cannot be distinguished from other money which the contractor may receive from the same or other parties.    He may apply it in the further execution of the contract, or to other purposes, as he may choose.    The party paying it has no right to insist upon its application or expenditure in any particular way.

    "A contract, no doubt, may be so drawn as to make the payment of a part of the consideration, by installments as the work progresses, or at stated times independently of the progress of the work, a condition precedent to the further prosecution of the work, and make its non-payment such a substantial violation

of the contract as to authorize the other party to abandon the work and sue upon it, as for having been prevented from completing it by the act of the party who had thus failed to perform such condition precedent. But the law cannot infer such a consequence from the ordinary obligation to pay money at a particular time, or upon a completion of a specified part of the work."

We fully concur with the views expressed in the foregoing citation, and are convinced that the mere failure to pay the money due upon the contract, before the completion of the work, did not constitute such a "prevention" as justified a recovery in the present action.

In brief, this is not an action on the implied promise of the defendant to pay the value of the work actually done, or materials actually furnished. It is an action brought to recover for the part of the contract performed, not with reference to its actual value, but according to an arbitrary and conventional standard found in the specific contract—the plaintiffs claiming to recover on the ground that they had been prevented by the defendant from completing their agreement.

The judgment cannot be sustained, because the record contains no finding of prevention; but, on the contrary, contains a finding of facts which establish that plaintiffs were not prevented from completing their agreement.

Judgment and order denying new trial reversed, and cause remanded for a new trial.

RHODES, J., and NILES, J., concurred.

WALLACE, C. J., and CROCKETT, J., being disqualified, took no part in the decision.