[In Bank. — February 27, 1883.]

JEROME B. COX, Respondent, *v.* CHARLES McLAUGHLIN, Appellant.

Contract — Pleadings — Evidence — Findings — Variance — Law of the Case. — The action was brought on an alleged contract in writing by which the plaintiff and his associates agreed to do certain work for the defendant in the construction of a railroad, and to furnish the materials therefor. The complaint purported to state the contract according to its substance and effect, but the answer denied the contract thus stated, and averred that the contract between the parties was embodied in two instruments therein set forth, one being supplemental to and explanatory of the other. The facts on the subject were proved and found in accordance with the answer. By the terms of the contract payments were to be made from time to time as the work progressed, but these payments were to be based on estimates made by the engineer of the road and reported to the parties. There was no allegation in the complaint, nor any proof in relation to such estimates. After stating, however, that the work had not been completed, the complaint alleged that the completion was prevented by the defendant. In support of this allegation, evidence was given on the part of the plaintiff to the effect that the payments were not made as provided for by the contract, that the failure in the payments rendered it impossible for the plaintiff and his associates to complete the work for want of means necessary to enable them to do so, and that their pecuniary condition and reliance upon the payments were known to the defendant when the contract was made. The facts were found in accordance with this evidence, and it was also found that the work had not been voluntarily abandoned by the contractors, but was wholly and entirely suspended by the defendant. The contract provided in substance that the defendant should have the right, subject to certain conditions as to notice, to cause an increase or diminution of the force of laborers or other means necessary to carry on the work, or to suspend the work entirely, provision being made for delays arising from the exercise of this right, and in regard to the terms of payment in case the work should be entirely suspended. It was proved that the defendant had at different times required the force of laborers employed upon the work to be reduced, and had directed portions of the work to be suspended. On former appeals in the case, the court had decided that the action could not be maintained unless the completion of the work was prevented by the defendant, and that neither a failure in the payments nor the exercise of a right secured to the

defendant by the contract was sufficient to constitute prevention. *Held*, 1. That these propositions had become the law of the case. 2. That no effect could be given to the evidence in regard to the pecuniary condition of the plaintiff and his associates, and that in view of the terms of the contract, this evidence was inadmissible. 3. That the finding as to the entire suspension of the work by the defendant was not sustained by the evidence, and *further*, that it was inconsistent with another finding on the subject, and in conflict with the complaint. 4. That it was necessary to allege and prove the making of the estimates provided for, or to show some legal cause why they were not made. 5. That the contract set up in the answer and found by the court was different in substance and effect from the contract stated in the complaint, and that the variance was fatal.

APPEAL from a judgment of the Superior Court of the county of Alameda, and from order refusing a new trial.

The parties to the contract were Jerome B. Cox, Thomas J. Arnold, and Jackson R. Myers, known by the firm name of Cox, Myers & Co., of the first part, and Charles McLaughlin, of the second part. After the work was commenced Myers assigned his interest in the contract to Cox and Arnold, and the work from that time was carried on by them. The action was brought by Cox and Arnold, but Arnold subsequently died, and the action was continued in the name of Cox. As originally commenced, one of the objects of the action was to enforce a lien for the work done and materials furnished, and there were certain defendants in addition to McLaughlin. But the complaint has been repeatedly amended, and in the last complaint filed, McLaughlin was the only defendant, and the relief sought was a personal judgment against him. The pleadings and evidence are very voluminous, and it would be useless labor to attempt an analysis of them. The facts stated in the head notes and those appearing in the opinion of the court are sufficient to explain the points decided, and the grounds on which the court proceeded.

*S. M. Wilson*, and *Tully R. Wise*, for Appellant.

This case has been before the court on several different appeals. The decisions on the former appeals are to be found as follows: *Cox* v. *Western Pacific R. R. Co.* 44 Cal. 18; S. C. 47 Cal. 87; *Cox* v. *McLaughlin*, 52 Cal. 590; S. C. 54 Cal. 605.

On these appeals the whole law of the case arising on the present appeal has been settled.

"A previous ruling by the appellate court upon a point distinctly made may be only authority in other cases, to be followed or affirmed, or to be modified or overruled according to its intrinsic merits, but in the case in which it is made it is more than authority; it is a final adjudication, from the consequences of which the court cannot depart, nor the parties relieve themselves." (*Phelan* v. *San Francisco*, 20 Cal. 45; *Davidson* v. *Dallas*, 15 Cal. 75; *Haynes* v. *Meeks*, 20 Cal. 311; *Mulford* v. *Estudillo*, 32 Cal. 136; *Donner* v. *Palmer*, 51 Cal. 629; *Jaffe* v. *Skae*, 48 Cal. 543; *Meeks* v. *S. P. R. R. Co.* 56 Cal. 517; *Wittenbrock* v. *Bellmer*, 62 Cal. 558.)

These previous rulings on the former appeals not only were binding on the court below, but are binding also upon the apellate court, and apply as well to the construction of the pleadings as to other questions. (*Lucas* v. *City of San Francisco*, 28 Cal. 594.)

The series of complaints in this record from first to last all count upon the same special contract in writing according to its alleged legal effect.

On the first appeal it was held that the contract between *McLaughlin* and *Cox, Myers & Co.* was "an entire contract," and that the provision for payments from time to time on the estimates "does not change the character of the contract in this respect and make it severable."

It was also held that the complaint was bad because it did not allege that the work had been completed, nor that its completion had been prevented by McLaughlin, nor that the contract had been rescinded.

On the second appeal, after the complaint had been amended by inserting therein an allegation that McLaughlin prevented the completion of the work, the court held that the complaint was sufficient, but reaffirmed its former decision that the contract was an "entire contract," and not severable.

On the third appeal the court again held that the contract was "an entire contract," and that "assuming the failure to pay as alleged constituted a breach of the contract, the plaintiffs could have treated the specific contract as rescinded, and have brought suit on the implied promise of defendant to pay the value of the work actually done." But the court looking at

"the whole frame of the complaint," held that the action was not on an implied promise arising upon a rescission of the special contract, but was based upon a breach of the express contract resulting from the alleged prevention.

The present complaint, in all the particulars above referred to, is exactly like the complaint before the court on the last preceding appeal. The special contract counted upon is the same, and the same allegation is made as to the completion of the work having been prevented by the defendant. We have it then as the settled law of the case now no longer open to discussion.

1. That the action is not *indebitatus assumpsit* upon an implied promise arising on a rescission of the contract.

2. That the action is based upon the contract, part performance and prevention being alleged as the cause of action.

The answer here is the same as upon the preceding appeal, and denies as well the averment of *prevention* as the contract sued on, and avers that the contract actually made by the parties was a different contract from that described in the complaint, and annexes copies, which are made part of the answer. Thus it appears that the issues now are the same as upon the last appeal, and it was decided on that appeal that *prevention* was a vital issue, and the judgment there was reversed because there was no finding of *prevention.* (52 Cal. 590; 54 Cal. 605.)

On the present appeal, therefore, the judgment below cannot be affirmed here, unless the court can see in the record (1) a finding of prevention; (2) evidence sufficient to sustain such finding.

What is prevention? Nothing more or less than what the word in its ordinary meaning signifies. If McLaughlin did any act, or omitted to do any act, notwithstanding which Cox & Co. could legally proceed to fulfil their contract, they were not prevented. No such act was done, nor was anything omitted. At all times Cox & Co. had the legal right to go on, and McLaughlin protested against their abandonment of the contract.

A party to a contract has the legal power to stop the work under it, but thereby becomes liable to pay to the other party such damages as the latter may suffer by such prevention. If A. agrees to build a house for B. with lumber to be furnished

by B., and the latter fails to supply the lumber, he prevents A. from performing, and becomes liable.    In neither of these events can A. proceed.    But if A. is to build for B., and furnish as well the material as the labor, upon payments from time to time to be made by B., the failure of the latter to pay is not prevention, for, notwithstanding such non-payment A. may still go on.

This, too, was settled on the last appeal, where it was held "that the mere failure to pay the money due upon the contract before the completion of the work did not constitute such 'prevention' as justified a recovery in the present action."

This court adopts also, and fully concurs in the opinion of the Supreme Court of Illinois in *Palm* v. *The Ohio & Miss. R. R. Co.* 18 Ill. 219, and makes a long extract from the opinion in that case, delivered by Mr. Justice Caton.    This, by adoption, becomes the language of this court.    That extract says : "It is undoubtedly true that the failure to make such payments may, in point of fact, leave the other party without the means or credit to go on and complete the job; but such is not the necessary result of such a failure, and we cannot safely adopt it as a conclusion of law that it does prevent the party from going on.    The prompt payment of such instalments might be indispensable to enable a party of small means and credit to go on, while another of larger means and more extended credit might be able to complete the contract without embarrassment or sacrifice.    Can we inquire into the actual fact, and see whether the non-payment did really stop the plaintiff or not, and thus administer one measure of law to the poor man, and another to the rich ? "

The court then demonstrates that no such inquiry could be made. ·

But the court below, against the objection of the defendant, allowed the plaintiff to introduce evidence as to the pecuniary condition of Cox, Myers & Co. when the contract was made, and the knowledge of the defendant on the subject, for the purpose of showing that the parties contracted with the understanding that a failure in the payments would put an end to the work.    This evidence was admitted on the theory of interpretation, but its object was to add to the terms of the contract by

construing into it a provision making the payment of the instalments a condition precedent to the further prosecution of the work.   It is clear that such evidence was inadmissible.   A contract may be read by the light of surrounding circumstances, but the strongest light does not enable the court to make a new contract for the parties.   All previous and contemporaneous understandings are merged in the contract as written, and it cannot be contradicted, altered, added to, or varied by parol evidence.   (*London Tramway Company*, appellants, v. *Bailey*, respondent, 28 Eng. 199, and notes; S. C. 3 Q. B. Div. 217; *The Tharsis Sulphur and Copper Co.*, appellants, v. *McElroy & Sons and others*, respondents, 3 Appeal Cases, 1040; S. C. 24 Eng. 638, and notes; *Bristow* v. *Catlett*, 92 Ill. 17; *Andrus* v. *Mann*, 92 Ill. 40; *Driver* v. *Ford*, 90 Ill. 595; *Leopold* v. *Salkey*, 89 Ill. 412; *Wood* v. *Surrells*, 89 Ill. 107; *Schroer* v. *Wessell*, 89 Ill. 115; *Lucas* v. *Beebe*, 88 Ill. 427; *Knowlton & Co.* v. *Cook*, 70 Me. 143; *Stevens* v. *Haskell*, 70 Me. 202; *Whitmore* v. *Learned*, 70 Me. 277; *Witzler* v. *Collins*, 70 Me. 290; *McGovern* v. *Heissenbuttel*, 8 Ben. 46; *Blackman* v. *Dowling*, 63 Ala. 304; *Glover* v. *McGilvray*, 63 Ala. 508; *Crouch* v. *Woodruff*, 63 Ala. 466; *Fore* v. *Hibbard*, 63 Ala. 410; *Copeland* v. *Cunningham*, 63 Ala. 394; *Larzear* v. *National Union Bank of Md.* 52 Md. 119; *Smith* v. *Flanders*, 129 Mass. 323; *Way* v. *Batchelder*, 129 Mass. 361; *Trager* v. *Louisiana etc.* 31 La. An. 235; *Perry* v. *Burton*, 31 La. An. 262; *Heffield* v. *Meadows*, L. R. 4 C. P. 596; *Evans* v. *Pratt*, 3 Mann. & G. 759; *Smith* v. *Wilson*, 3 Barn. & Adol. 728; *Shore* v. *Wilson*, 9 Clark & F. 555; *Broughton* v. *Mitchell*, 64 Ala. 210; *Straus* v. *Meertiff*, 64 Ala. 299; Whart. on Ev. vol. 2, §§ 940, 941, and notes; *Estate of Garraud*, 35 Cal. 340; *Young American Engine Co.* v. *Sacramento*, 47 Cal. 594; *Hendrick* v. *Crowley*, 31 Cal. 476; *Lennard* v. *Vischer*, 2 Cal. 37; *Adler* v. *Friedman*, 16 Cal. 138; *Osborne* v. *Hendrickson*, 7 Cal. 286; S. C. 8 Cal. 33; *Pierce* v. *Robinson*, 13 Cal. 126; *Smith* v. *Moynihan*, 44 Cal. 64; *Hill* v. *Shields*, 31 Am. Rep. 499; *Taylor* v. *French*, 31 Am. Rep. 609; *Hypes* v. *Griffin*, 31 Am. Rep. 71; *Martin's Exec.* v. *Lewis' Exec.* 32 Am. Rep. 682.)

In regard to the supposed prevention arising from the total suspension of the work by McLaughlin, it was held on the last

appeal, in view of the terms of the contract, that he was authorized to suspend the work, and therefore *suspension* was not *prevention.* But the court finds that the work was suspended immediately after the execution of the supplemental contract on the 2d of October, 1865, and it is also found that the work was continued up to the 15th of September, 1866. There is, however, no truth in the finding as to the suspension of the work. It is directly in the face of the evidence.

The learned counsel further argued that as the payments were to be made upon estimates of the engineer, and there was no allegation or proof in relation to such estimates, the plaintiff could not recover, citing *Holmes* v. *Richet,* 56 Cal. 307; *Vanderwerker* v. *Snyden,* 27 Vt. 130; *Herrick* v. *Belknap,* 27 Vt. 673; *Wilson* v. *N. Y. & Md. Line Railroad Co.* 11 Gill. & J. 58; *Kidwell* v. *Baltimore & Ohio Railroad Co.* 11 Gratt. 676; *Morgan* v. *Birnie,* Langdell's Select Cases on Contracts, 508; *Clarke* v. *Watson,* Langdell's Select Cases on Contracts, 598; *McMahon* v. *New York & Erie R. R. Co.* 20 N. Y. 463.

They also contended that the contract stated in the complaint was essentially different from the contract between the parties as set up in the answer and shown by the evidence and findings of the court, and that the plaintiff could not sue on one contract, and recover upon another, citing *Washington etc. Steam Packet Co.* v. *Sickles,* 10 How. 419; *Hart* v. *Rose,* Hemp. 238; *People* v. *Jackson,* 24 Cal. 632; *Rogers* v. *Cody,* 8 Cal. 324; *Gilmore* v. *Lycoming Fire Ins. Co.* 55 Cal. 124.

*S. W. Sanderson,* and *Fox & Kellogg,* also for Appellant, argued the same questions in part, and others not passed upon by the court.

*McAllister & Bergin, J. P. Hoge,* and *M. G. Cobb,* for Respondent.

1. A previous decision of the appellate tribunal establishes the law of the case, but it does not make the facts of the case; or, as expressed by this court, "facts are not settled by judicial precedents, but only questions of law." (*Swift* v. *Kramer,* 13 Cal. 531; or, as stated in *Nieto* v. *Carpenter,* 21 Cal. 488.)

"We admit that a previous ruling of the appellate court

upon a point directly made is as to all subsequent proceedings a final adjudication, from the consequences of which the court cannot depart, nor the parties relieve themselves." (*Phelan* v. *San Francisco*, 20 Cal. 39.) But such ruling, if relating to a matter of fact, can only be invoked when the fact re-appears under the same circumstances in which it was originally presented." (*U. S.* v. *Arredondo*, 6 Peters, 736–741.)

2. Parol evidence of all the facts and circumstances surrounding the parties is admissible for the purpose of enabling the court to correctly construe the terms of the contract. (*U. S.* v. *Peck*, 12 Otto, 65; *Saunders* v. *Clark*, 29 Cal. 304.)

3. Subtraction or withholding from the contractors the means of enabling them to perform their contract may constitute prevention. (*U. S.* v. *Peck*, 12 Otto, 65; *School Dist.* v. *Hayne*, 46 Wis. 513; *Phillips* v. *Seymour*, 1 Otto, 649; *Canal Co.* v. *Gordon*, 6 Wall. 569; *Bean* v. *Miller*, 69 Mo. 393; *Jones* v. *Mial*, 82 N. C. 252; *Dobbins* v. *Higgins*, 78 Ill. 440; *Lincoln* v. *Schwartz*, 70 Ill. 134; *Oates* v. *Kendall*, 67 N. C. 241; *Kingsley* v. *City of Brooklyn*, 78 N. Y. 216; *Freeth* v. *Burr*, Law Rep. 9 C. P. 213; *Schulte* v. *Hennessy*, 41 Iowa, 356; *Grand Rapids and Bay City R. R. Co.* v. *Van Duzen*, 29 Mich. 444; *Howard* v. *Wilmington and Susquehanna R. R. Co.* 1 Gill, 322–343; *Graves* v. *Donelson*, 24 Conn. 635; *Central Military Park R. R. Co.* v. *Spurck*, 24 Ill. 588; *Schwartz* v. *Saunders*, 46 Ill. 23; *Court* v. *Ambergate*, 6 E. L. & E. 230; *Hochester* v. *De La Tour*, 20 E. L. & E. 160; *Thompson* v. *Lane*, 8 Bosw. 485; *Lamoroux* v. *Rolfe*, 36 N. H. 36; *Shaw* v. *Grandy*, 5 Jones (N. C.) 57.)

4. The evidence as to the pecuniary condition of Cox, Myers & Co. was clearly admissible on the question of prevention. It tended to show that McLaughlin, by failing to pay the instalments, knowing that such failure would compel an abandonment of the work, not only violated his obligations under the contract, but prevented its completion. True, mere non-payment in and of itself, as announced by this court, and we hope simply for the purposes of this contract, does not constitute prevention. Yet, most assuredly, in connection with other circumstances, it has a bearing, and is relevant as evidence upon the question as to whether or not McLaughlin did prevent performance of the

contract; and does not the pecuniary condition of the parties have a like bearing? The case of *The United States* v. *Peck* is strongly in point.

5. Only since July 1, 1874, has it been the statute law of this State that "no variance between the allegation in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." (Code Civ. Proc. § 469.)

How a party can be misled by the adverse party claiming relief upon the contract he himself sets up as the true one, is not readily apparent. Especially is this the case when the litigation for years has been between the same parties upon the same contract. Parties cannot thus play fast and loose. The law will not sanction it.

Upon the former appeal appellant procured reversal of judgment in favor of respondent upon the ground that the contract set up in the answer was the true contract determinative of the rights of the parties, and that according to the same, respondent was not entitled to retain the judgment recovered, and this court so adjudged and ordered a new trial to determine the rights of the parties under the contract. Upon this retrial counsel say this is not the contract in controversy at all.

They are estopped from so claiming. (*Philadelphia & Wilmington R. R.* v. *Howard,* 13 How. 336; *Lilley* v. *Adams,* 108 Mass. 52; *Hooker* v. *Hubbard,* 102 Mass. 241.

Such practice is simply trifling with the administration of justice.

Briefs in reply were filed by *S. M. Wilson, Tully R. Wise, Fox & Kellogg,* and *Rhodes & Barstow.*

Ross, J. — For many reasons the judgment of the court below is erroneous. The action is one at law, on a special contract, the plaintiff alleging part performance of the contract on his part, and that of his predecessors in interest, and the preventing of the completion of it by the defendant. The case has been here repeatedly, the complaint on which the last trial was had being the *seventh* complaint filed in the action. Naturally enough, therefore, certain propositions have become the law of·

the case. Among them that averment and proof of prevention is essential to a recovery by plaintiff, inasmuch as there is no pretense of the work contracted for having been completed or the contract rescinded. (44 Cal. 18; 47 Cal. 87; 54 Cal. 605; 52 Cal. 590.) It has also become the law of the case that neither the mere failure of the defendant to pay the instalments as they became due, nor the exercise by defendant of a right secured to him by the contract itself, constituted prevention. (52 and 54 Cal. *supra.*)

For the purpose of overcoming the first of these last-mentioned obstacles, the plaintiff was permitted on the last trial in the court below, against the defendant's objections, to introduce testimony to the effect that both parties knew at the time of making the contract that the contractors relied, and were compelled by their pecuniary resources to rely, upon the payment by the defendant of the instalments as they became due; and the court below so found. In rightly holding such testimony erroneously admitted, Mr. Justice Myrick, speaking for the court, when the case was last under consideration, said: "Parol evidence of surrounding circumstances may be given to aid in the proper interpretation of an instrument; but where the parties have themselves used words which require no interpretation, where the words are understood, there is no occasion for aid to their proper interpretation or meaning. In this case the parties had, by their contract, clearly expressed two ideas or agreements: First, that the contractors were to perform certain work; second, that the defendant was to make payments therefor in instalments. The words as to these agreements are of very plain signification. This court had decided non-payment of instalments was not prevention; therefore, by the terms of the contract payment was not a condition precedent. In order to make payment a condition precedent a clause would have to be inserted, injected into the contract, which the parties themselves did not see fit to place there. It is not in evidence that the parties agreed by parol that the payments should be conditions precedent; but even if they had so agreed, the well-known rule would apply, that their final conclusions were as they have expressed them in writing." (10 Pac. C. L. J. 263.)

Of course this testimony was introduced, and the finding

made thereon — the ninth — was made as bearing upon the question of prevention. Neither could have any other bearing. From the findings themselves it is sufficiently obvious that the prevention found by the court below was based upon the facts detailed in the ninth and tenth findings; and this becomes perfectly plain when the evidence is considered, from which it appears that the only attempt made to show prevention was to show the non-payment of the instalments by the defendant, the " surrounding circumstances " just alluded to, and suspension of the work by the defendant. In the tenth finding the court found that the defendant *entirely* suspended the work immediately after October 2, 1865. But this finding, as was justly said by MR. JUSTICE MYRICK in the opinion already referred to, " is not sustained by the evidence. The evidence is that McLaughlin directed the diminution of the laboring force to but a few men. This he had a right to do according to the express terms of the contract. (54 Cal. 605.)" It may be added that by the express terms of the contract between the parties, the defendant was authorized to *entirely* suspend the work, the contract prescribing the consequences of such suspension. *Prevention* implies *ex vi termini*, a breach of contract, and, of course, a party cannot commit a breach of contract by exercising a right secured to him by the contract. The finding that the defendant entirely suspended the work is, therefore, insufficient to constitute prevention. (54 Cal. 607.) Besides, the finding is, as already shown, unsupported by the evidence, and is in conflict with another (the fourth) finding made by the court, in which it is found that the plaintiff furnished material and performed labor and service of great value in and about the execution of the contract up to September 15, 1866. It is also in conflict with the averment of the complaint itself, in which it is expressly charged that Cox & Arnold, as the successors in interest of Cox, Meyers & Co., diligently prosecuted the work until September 15, 1866.

Moreover, there is in this case neither averment nor proof that the estimates of the engineer, on which alone, according to the terms of the contract between the parties as proved and found, the defendant was to pay, were made, nor is there any legal cause shown, or attempted to be shown, why such esti-

mates were not made. This question has recently been before us in two cases, one of which is *Loup* v. *C. S. R. R. Co.* 63 Cal. 97, and the other *Holmes* v. *Richet,* 56 Cal. 307, in which the conclusion was reached, to which we adhere, that in such cases averment and proof of the making of such estimates is essential to put the party making the agreement in default, unless legal cause is averred and proved why they were not made.

But further and beyond all this, the contract declared on by the plaintiff is essentially different from the contract set up by the defendant and proved and found by the court to have been made between the parties; and the respective rights and obligations of the parties under the one are essentially different from what they are under the other.

By the contract stated in the complaint, the obligation of Cox, Meyers & Co. was limited "to the extent of doing, and furnishing materials for, all the gradation, masonry, and bridging, and all other things necessary and proper to place said roadbed (of the railroad referred to) ready for the cross-ties and iron equipment, and no more." By the contract proved and found their obligation went far beyond this. By that, the work to be done by them was to include all bridges, viaducts, embankments, excavations, road-crossings, culverts, drains, and all other things necessary, usual, and proper to place the part of the railroad described complete for the cross-ties and iron equipment to be placed thereon, and *according to certain plans and specifications* annexed to the contract and made part of it. The work to be done by them was to be done in the best and most thorough manner, and all that portion of the railroad undertaken to be built by them was to be equal to the best constructed railroad in the State, and *was to be in full compliance with the contract then existing between McLaughlin and The Western Pacific Railroad Company, and in full compliance with the requirements of the board of directors of that company.* It is manifest that performance of the obligations imposed on Cox, Meyers & Co. by the contract alleged in the complaint would by no means be a compliance with the obligations imposed on them by the contract proved and found.

Furthermore, the *defendant's* obligations, as well as his rights,

are essentially different under the two. The contract proved and found is not alleged in the complaint to have been made, is not alleged to have been performed in whole or in part by the plaintiff, nor to have been broken by the defendant. The alleged contract, for the breach of which the action was brought, was not proved.

Judgment and order reversed and cause remanded for a new trial.

MORRISON, C. J., MYRICK, J., McKINSTRY, J., and THORN-TON, J., concurred.

Petition for a rehearing denied.