[No. 19245.    Department One.—December 24, 1893.]

W. R. PORTER ET AL., APPELLANTS, v. THE ARROWHEAD RESERVOIR CO., RESPONDENT.

CONTRACTS—CONSTRUCTION OF ROAD—NONPAYMENT OF INSTALLMENTS—RESCISSION—QUANTUM MERUIT.—Where, by the terms of a contract for the construction of a wagon-road, payments were to be made to the contractors upon the first of each month for the proportion of the road completed, the failure to make the payments as provided in the contract is a substantial breach of the contract, and gives the contractor the right to rescind the contract, cease work, and recover the value of the work already performed in an action of *quantum meruit.*

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*C. W. C. Rowell*, and *E. E. Rowell*, for Appellants.

*Willis & Cole*, for Respondent.

GAROUTTE, J.—Appellants brought an action of *quantum meruit* to recover four thousand two hundred and seven dollars and four cents for labor performed in the building of a wagon-road. The defendant filed an answer denying the allegations of the complaint, and also filed a cross-complaint alleging among other things that plaintiffs had entered into a contract in writing to build a certain wagon-road for the sum of six thousand dollars; that plaintiffs entered upon the construction of said road under the contract and performed labor thereunder until about September 3, 1891; that at such time plaintiffs, without right, and without the consent of the defendant company, ceased work and abandoned said contract, and defendant asked for damages for such alleged breach. Plaintiffs answered the cross-complaint admitting the contract, and that the labor performed was done thereunder, but alleged a rescission thereof by them upon the third day of September, 1891, by reason of default on the part of defendant in making a partial payment upon the work as covenanted in said contract. As disclosed by the writing, the contract price of six thousand dollars was to be paid as follows: "On the first day of each and every month after beginning of work on said road in the following manner and proportions, to wit, that as the amount of work done previous to said first day of the month shall bear according to the lineal feet of the construction of said road to the whole distance between the terminal points mentioned in this contract, which amount is to be ascertained by the engineer of the company, and the payments to be made in such proportion less ten per cent of said sum due on the first day of each and every month." Judgment was rendered for defendant in the sum of six hundred and ten dollars and eighteen cents and costs

of suit, and this appeal is from such judgment and the order denying a new trial.

The brief of respondent is composed to a great extent of the opinion of the learned judge of the trial court, and his position as to the law of the case is there fully and forcibly set forth. We will not enter into a detailed review of the alleged errors relied upon for a reversal of the judgment, for we think the views of the trial court upon the principles of law here involved are not sound, and that a new trial must be ordered for that reason. The error of the court has arisen from a misconception of the legal principles declared in the somewhat historical case of *Cox* v. *McLaughlin*, reported in various volumes of our reports, among others, 84 Cal. 605, and 76 Cal. 60, 9 Am. St. Rep. 164. We quote from the views of the trial judge, as indicated in his opinion, found in the respondent's brief: "It is evident, without citation of authority, that the plaintiffs' right to maintain this action on a *quantum meruit* depends on the abrogation of the contract referred to between the plaintiffs and the defendant corporation. If that contract existed and was in force it would be a direct answer to plaintiffs' claim to recover in the present form of action. To affect the abrogation of the contract in the light of the facts presented in this case there must have been some such substantial violation of its terms on the part of the defendant as would have authorized the plaintiffs to rescind, and such violation must, under the authority of *Cox* v. *McLaughlin*, 76 Cal. 60, 9 Am. St. Rep. 164, have amounted to either actual or technical prevention." And again: "After a careful review of the testimony I am of the opinion that there was no showing of any prevention, either actual or technical, on the part of the defendant as regards the plaintiff.

Prior to the decision of *Cox* v. *McLaughlin*, reported in 76 Cal. 60, 9 Am. St. Rep. 164, this court repeatedly and always held that unless McLaughlin's prevention of the execution of the contract by Cox was alleged and found as a fact, plaintiff was not entitled to recover *on the con-*

*tract,* and the court further held that a mere failure or
refusal to pay an installment upon the contract price as
it became due was not a condition precedent in the con-
tract; was not prevention; and did not authorize the
plaintiff to abandon the work, and recover the *profits*
he would have made if the work had been completed
under the contract.   Under the last decision (*Cox* v.
*McLaughlin,* 76 Cal. 60, 9 Am. St. Rep. 164) the com-
plaint had been amended, the contract was no longer
relied upon, and for the first time the action was before
the court upon a *quantum meruit,* and it was then sus-
tained.   There was no question of "prevention" involved
in the case upon that appeal.   That element is not con-
sidered in the opinion of the court; but a failure to pay
an installment of the money due was necessarily held a
breach of the contract, for without a breach there could
have been no action of *quantum meruit,* and necessarily
no recovery had thereon.   There is a wide distinction
between "prevention" upon the part of the employer of
the further carrying on of the work, and other breaches
of the contract.   The law says breaches amounting to
prevention must be of conditions precedent, and the
payment of an installment upon the contract price is
not such a condition, as *Cox* v. *McLaughlin,* 76 Cal. 60,
9 Am. St. Rep. 164, repeatedly decides.   At the same
time that case conclusively holds that a default in pay-
ment is such a breach as to justify a rescission and an
action of *quantum meruit,* and that long litigation was
concluded upon that principle.   There is no question
but that nonpayment as agreed upon is a breach of the
contract of some character, and Justice McKinstry said
in *Cox* v. *McLaughlin,* 54 Cal. 605: "Assuming that the
failure to pay as alleged constituted a breach of the
contract, the plaintiff could have treated the specific
contract as rescinded, and have brought suit upon the
implied promise of defendant to pay the value of the
work actually done."   And in the very case of *Palm et
al.* v. *Ohio and Mississippi R. R. Co.,* 18 Cal. 219, from
which Justice McKinstry quotes *in extenso* to establish

that nonpayment does not amount to prevention, the Illinois court said: "The contract provides for no other penalty or liability, and the law imposes no other, except, perhaps, that this violation of the contract by the defendant in failing to make the payment may justify the plaintiff in treating the contract as rescinded, and in suing for the amount due in an action for goods sold and delivered."

In *Schwartz* v. *Saunders,* 46 Ill. 18, the owner failed to pay the contractor in the erection of a building an installment of the contract price when due, and the court said: "That he had a right to abandon the work under the circumstances seems a proposition so plain as to require no argument." A failure to pay an installment of the contract price, as provided in the contract, is a substantial breach of the contract, and gives the contractor the right to consider the contract at an end, cease work, and recover the value of the work already performed. As we have seen, *Cox* v. *McLaughlin,* 54 Cal. 605, is authority to support this principle, and there is also ample precedent from the decisions of the courts of other states. (*Canal Co.* v. *Gordon,* 6 Wall. 561; *Evans* v. *Chicago etc. R. R. Co.,* 26 Ill. 189; *Preble* v. *Bottom,* 27 Cal. 249; *Dobbins* v. *Higgins,* 78 Ill. 440; *Shaw* v. *The Turnpike,* 3 Penr. & W. 445; *Reybold* v. *Voorhees,* 30 Pa. St. 116; *School District* v. *Hayne,* 46 Wis. 511.)

From the foregoing views it follows that, to entitle the plaintiffs to recover in the present action, it is only necessary that they prove a substantial failure upon the part of the defendant to comply with its agreement as to the payment of an installment upon the contract price, and in addition thereto that they rescinded the contract by reason of such failure; and upon these lines a new trial should be had.

It is ordered that the judgment and order be reversed, and the cause remanded.

Paterson, J., and Harrison, J., concurred.