[Civ. No. 1181.   First Appellate District.—April 4, 1913.]

THE WOODRUFF COMPANY (a Corporation), Respondent, v. THE EXCHANGE REALTY COMPANY (a Corporation), Appellant.

CONTRACT—FAILURE TO COMPLY WITH CONDITION PRECEDENT.—The failure to comply with a condition precedent to the performance of a contract will sustain an action for breach of the contract.

ID.—BREACH OF CONTRACT FOR REMOVAL OF DEBRIS—FAILURE TO MAKE PAYMENTS.—Where a contract for the removal of debris from a lot provides that the owner shall advance on Saturday of each week to the contractor moneys to carry on the work, pay for the material and labor, accrued commissions and other costs covered by the contractor's statement, the contractor may maintain an action for breach of contract if the owner fails to make the weekly payments.

ID.—ACCOUNTING FOR MATERIALS REMOVED—WHEN NOT REQUIRED.—Under a contract to remove debris from a lot, the contractor is not in default in failing to account to the owner for broken granite removed, under the provision of the contract requiring him to furnish a weekly statement of the labor employed and "any other reasonable statement in connection with such work," when the cost of crushing and removing the granite was greater than its value before or after its crushing.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

D. Freidenrich, and Milton L. Schmitt, for Appellant.

Pringle & Pringle, and Walter H. Linforth, for Respondent.

LENNON, P. J.—The plaintiff and the defendant in this action entered into the following written contract:

"The party of the second part (the plaintiff) hereby agrees to clean up and remove the debris from a lot 77 ft. by 137½ ft. depth and a 20 ft. alley on the west side of said lot, and to arrange for the disposal of material taken off the property upon land owned by the party of the first part (the defendant) . . . to supervise the said work; and on behalf and in the name of the party of the first part to purchase all necessary materials and likewise to employ all necessary labor and to incur all other costs necessary to complete said work; to purchase such material and employ such labor at the lowest possible cost, and to give to the party of the first part the full benefit of any discount and wholesale prices obtained; to furnish to the party of the first part a weekly statement of all materials ordered and delivered upon said work; of all labor employed and any other reasonable statement in connection with said work. The party of the first part hereby agrees to pay to the party of the second part in full an amount equal to 15% of the total cost of said work, together with any changes therein, which commission shall be computed on the total of each weekly statement of cost, shall be added thereto and shall be payable therewith; also to advance on Saturday of each week to the party of the second part the moneys to carry on such work, pay for the material, labor, and agreed commission and other costs provided for in this contract and covered by the weekly statement of the party of the second part.

"It is mutually understood and agreed . . . that the percentage herein provided is accepted by the party of the second part as full compensation upon the condition that it is to be allowed to carry on and complete said work along the lines of the authority which is herein conferred upon him."

The foregoing contract was dated and made the eighth day of December, 1906; and the plaintiff's complaint alleges that. immediately thereafter it commenced the work called for in the contract and performed all of the conditions thereof on its part to be performed up to and including the eleventh day of April, 1907, when the plaintiff ceased work because of the defendant's failure and refusal to pay the money then due to plaintiff for labor and commissions, or to advance the

money necessary to carry on and complete the work in accordance with the terms of the contract.

It was further alleged that up to the time plaintiff ceased work it had supplied labor and materials to the extent of $3,322.91, and had earned commissions amounting to $533.55, making in all the sum of $3,856.46, of which, after deducting certain cash payments and other credits, there was due and unpaid from the defendant the sum of $742.31.

Proceeding upon the theory that the defendant breached its contract by failing to furnish the money to carry on and complete the work, the plaintiff alleged that it was damaged thereby in the sum of $375, and prayed judgment for this sum plus the sum of $742.31 alleged to be due and unpaid as above set out.

The defendant by its answer denied all of the material allegations of the complaint, and pleaded a counterclaim against the plaintiff in the sum of $1,825.25, which it was alleged was due and unpaid to defendant for material appropriated and unaccounted for to the defendant.

The trial of the action was had with a jury, and resulted in a verdict for the plaintiff, upon which a judgment was entered against the defendant in the sum of $1,040. The case comes here upon an appeal from the judgment and from an order denying a new trial.

In support of the appeal it is urged that the verdict and judgment are not supported by the evidence in this, that the evidence not only fails to show a breach of the contract by the defendant, but does show that plaintiff had failed prior to and at the time it ceased work to comply with all of the conditions which it was required to perform under the contract.

It is conceded that the evidence shows that the defendant failed to advance the money necessary to continue and complete the work contracted for; and it is not disputed that the defendant refused to fully pay plaintiff's commissions from time to time as they fell due under the contract. It is insisted, however, that the plaintiff cannot recover upon the contract unless plaintiff's performance thereof was prevented by the act of the defendant, and that mere nonpayment of the sums due thereunder as a matter of law did not constitute prevention. In support of this contention counsel for the defendant cites to us the rule enunciated in the case of *Cox* v.

*McLaughlin,* 52 Cal. 590.  In that case it was held—and subsequently reiterated throughout a series of appeals (54 Cal. 608; 63 Cal. 196; 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100])—that the mere refusal to pay an installment of money due under a contract was not such a prevention of performance as would sustain an action upon the contract for the entire contract price.

This rule and the reason for it have no application to the facts of the present case.  Here the condition of the contract alleged to have been breached was that the defendant would "advance on Saturday of each week to the party of the second part (the plaintiff) the moneys to carry on such work; pay for the material and labor, the accrued commissions and other costs . . . provided for in the contract."  Obviously this was a condition precedent to the performance of the work by the plaintiff; and it is now well settled, in this state at least, that the failure to comply with a condition precedent to the performance of a contract in any given case will sustain an action for a breach of the contract.   (*Porter* v. *Arrowhead etc.,* 100 Cal. 500, [35 Pac. 146] ; *San Francisco Bridge Co.* v. *Dumbarton etc.,* 119 Cal. 272, [51 Pac. 335] ; *Alderson* v. *Houston,* 154 Cal. 1, [96 Pac. 884] ; *Beck* v. *Schmidt,* 13 Cal. App. 448, [110 Pac. 455].)

It seems to be an admitted fact in the case that the plaintiff did not account and give credit to the defendant for a certain quantity of broken granite which, when crushed, was removed from the lot and disposed of by plaintiff.  It is now insisted upon behalf of the defendant that by the terms of the contract the plaintiff was required to furnish a weekly statement of the labor employed and "any other reasonable statement in connection with such work"; and having crushed the granite and used the same in other work, it was incumbent upon plaintiff, under this clause of the contract and before it could recover for defendant's breach, to show that it had kept an account and rendered a statement of the quantity of granite crushed and the value thereof.

Upon this phase of the case the evidence shows in substance that there were between seventy-five and one hundred yards of granite upon the lot which was of no value whatever and could be had for the asking and its removal because it had gone through the fire of April 18, 1906.  The cost of crushing

and removing this granite was borne entirely by the plaintiff, and such cost was greater than the value of the granite before or after it was crushed.

It will thus be seen that so far as the item of granite is concerned there was nothing of value to account for, and therefore, even if the defendant's construction of the contract be correct the plaintiff was not in default in failing to show what disposition it made of the granite.   On the whole case we are satisfied that the evidence fully supports the verdict and judgment.    It is therefore ordered that the judgment and order appealed from be affirmed.

Hall, J., and Murphey, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 3, 1913.