[Civ. No. 1717. First Appellate District.—January 28, 1916.]

## J. T. JOHNS, Respondent, v. S. D. SANFILIPPO, Appellant.

CONTRACT—EMPLOYMENT TO PICK FRUIT—DISCHARGE OF EMPLOYEES—
REMEDY.—In an action by an employee to recover for breach of an
agreement by his employer in which the former was employed to
pick fruit, where the court found upon sufficient evidence that the
employee was discharged by the defendant and prevented from com-
pleting his contract without sufficient cause, the former was entitled
to sue for the agreed price of the fruit actually cared for according
to the terms of the contract, and was not compelled to sue in *quan-
tum meruit* for the reasonable value of the services performed.

ID.—FINDINGS—INCONSISTENCY OF—LACK OF INJURY.—In such a case a
finding that the plaintiff's assignors "neglected to furnish a suffi-
cient number of pickers and cutters to pick, harvest, and cut said
grapes, and neglected to pick said fruit as directed by defendant,"
if inconsistent with the finding that the defendant was not damaged
by this neglect in any sum whatever, does not injure the defendant,
where the evidence is fairly in conflict as to any injury which the
defendant sustained by reason of said neglect, the conflict having
been resolved in favor of the plaintiff, and for that reason not to
be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Santa
Clara County, and from an order denying a new trial.    J. R.
Welch, Judge.

The facts are stated in the opinion of the court.

Beggs & McComish, for Appellant.

Maurice J. Rankin, and Hermann J. Shirley, for Respondent.

THE COURT.—This is an appeal by the defendant from
a judgment in plaintiff's favor and from an order denying a
new trial.

The action was brought to recover damages for the alleged
breach by the defendant of an agreement in writing between
the plaintiff's assignors and the defendant, by the terms of
which the former were to pick, cut, and spread upon trays for
drying the apricot crop of the latter for the season of 1914,
and for the agreed price of $8 per green ton.  The plaintiff
alleges that after about a week spent in the work of picking

and preparing for drying of the crop, the assignors were, without cause, discharged by the defendant, and prevented from completing their contract, and he therefore sues on their behalf for the balance due for so much of the crop as they had gathered prior to their discharge at the agreed price therefor per ton. The defendant in his answer denied the allegations of the plaintiff's complaint relative to the discharge, and also pleaded a counterclaim for the alleged loss he had sustained by reason of the insufficient manner in which the plaintiff's assignors had essayed to perform their contract, and by reason of their abandonment thereof before its completion.

The court found that the undisputed facts averred in the complaint as to the terms of the contract and entry upon its performance were true, and then proceeded to find that ''On July 25, 1914, said defendant discharged said J. T. Johns and N. T. Johns from said employment and ejected them from the premises on which said crop of fruit was situated, and prevented them or either of them from the picking, cutting and spreading on trays of said crop of apricots, and refused to pay them for the work already done, and refused to comply with the terms of said agreement.''

The appellant assails this finding as unsupported by the evidence; but upon a careful reading of the record we think that there is some substantial evidence going to show that while the plaintiff's assignors, after a little more than a week spent in the harvesting of the crop in question, were dissatisfied at the defendant's slowness of payment, and were rather disposed not to go on with the contract, the defendant quickly took advantage of this frame of mind on their part to take the direction of their pickers out of their hands and order them off the premises, and that therefrom the court was justified in making the finding complained of.

The chief contention of the appellant upon the oral argument of the cause was that the plaintiff had mistaken his remedy in bringing an action to recover upon the contract the agreed price of the portion of the crop actually harvested thereunder, and that his appropriate form of action should have been one in *quantum meruit* for the reasonable value of the services performed. This claim of the appellant is predicated upon the theory that the facts show that the contract was terminated either through the fault of the plaintiff's as-

signors, or by the mutual consent of the parties, and could not therefore be made the basis of a recovery founded upon its breach. The difficulty with this contention is that the findings of the court (which, as we have concluded, the proof sufficiently sustained) show that the plaintiff's assignors were discharged by the defendant and prevented from completing their contract without sufficient cause, in which case the authorities sustain the respondent's contention that he was entitled to sue for the agreed price of the fruit actually cared for according to the terms of the contract. (*Cox* v. *McLaughlin,* 54 Cal. 605; *Alderson* v. *Houston,* 154 Cal. 1, 10, [96 Pac. 884].)

The appellant further contends that the findings of the court are inconsistent, particularly upon the matters set forth in his counterclaim, the alleged inconsistency arising out of the fact that while the court finds that the plaintiff's assignors "neglected to furnish a sufficient number of pickers and cutters to pick, harvest, and cut said crop, and neglected to pick said fruit as directed by the defendant," the court also finds that the defendant was not damaged by this neglect in any sum whatever. Conceding that there may be some inconsistency in these findings, we are unable to see how the defendant is particularly injured thereby, for the evidence is fairly in conflict as to any injury which the defendant sustained by reason of said neglect; and this conflict having been resolved in favor of the plaintiff, we cannot disturb the finding of the court thereon.

No other errors being complained of, the judgment and order are affirmed.