[Civ. No. 1797.   Second Appellate District.—December 28, 1916.]

# ELIZABETH LEUTHEUSER, Administratrix, etc., Respondent, v. CHARLES SILENT, Appellant.

CONTRACT—ACTION FOR SERVICES—LACK OF COMPLETE PERFORMANCE—
CONDUCT OF DEFENDANT—PLEADING—REASONABLE VALUE.—In an
action for services performed in drilling a water-well, where the
work was not completed as provided by the terms of the express
contract of the parties, by reason of the instruction given to the
plaintiff to cease further drilling after attaining a certain depth,
the price as fixed by the contract is not the measure of the value
of the work performed, calculated at the price per foot, agreed upon
from the top of the well to the bottom, and it is essential that
the complaint in such an action should allege the reasonable value
of the work performed.

ID.—REASONABLE VALUE OF WORK DONE—EVIDENCE—EXPRESS CON-
TRACT.—Where a variance has occurred in the performance of a
specific contract, under such circumstances as still enable a plain-
tiff to maintain an action on the implied promise to pay the rea-
sonable value of the work actually done, the contract, so far as it
has been performed in accordance with the specifications therein
contained, may ordinarily be introduced as evidence of value.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

Frank J. Thomas, Edwin A. Meserve, and Irving M. Walker,
for Appellant.

Harry William Elliott, for Respondent.

JAMES J.—Plaintiff in this action sued to recover for ser-
vices alleged to have been performed for the defendant in
drilling a water-well.   The jury in the case found a verdict in
plaintiff's favor, upon which judgment was entered.   Motion
for a new trial being denied, this appeal was taken from the
judgment and also from the order denying that motion.   The
appeal is presented on the judgment-roll and a bill of excep-
tions.

In plaintiff's complaint three alleged causes of action were set up; the first upon an express contract, the second and third for the reasonable value of work performed. At the conclusion of plaintiff's testimony a nonsuit was granted as to the second and third causes of action. In the first cause of action it was alleged that the agreement between plaintiff and defendant was that the defendant should pay the plaintiff $2.50 per foot for drilling the well for the first three hundred feet, and fifty cents additional per foot "in every 100 feet thereafter dug"; that the exact depth of the well was not first decided upon, but that plaintiff was authorized to drill the first three hundred feet, and that the matter as to whether a greater depth in the ground should be penetrated was left to the decision of the defendant, who was to notify the plaintiff as to how deep he wanted the well dug. It was further alleged that the plaintiff drilled the well to a depth of 360 feet; that there was no water in the hole at that depth; that the plaintiff notified the defendant that the conditions were unfavorable for securing water and asked for instructions as to whether he should drill deeper, and defendant notified the plaintiff to cease drilling. After the nonsuit was granted as to the second and third causes of action, plaintiff was allowed to amend his complaint by alleging that defendant neglected and refused to give any decision as to what depth the well should be dug, and never gave any such decision, but instructed the plaintiff to go from the property, and so prevented plaintiff from digging any deeper, and from perforating and sand-pumping the well, as the contract required, and that for such reason said perforation was not made and the casing was not put down deeper in the hole. There was no allegation incorporated, either in the statement of the first alleged cause of action or in the amendment made thereto, as to what the reasonable value of the work performed was. The written offer first made by the plaintiff to the defendant, the acceptance of which by the defendant created the contractual relation between the two, provided that, in addition to drilling the well, the plaintiff was to put down casing furnished by the defendant, and was to perforate and sand-pump the well and leave it in first-class condition for a pump to be installed. The condition of the complaint as it was left after the trial judge had granted the motion for nonsuit on the second and third causes of action, was that the express con-

tract and its terms were stated, and the depth to which the well was dug was stated. It was alleged that the work was not completed as called for by the contract because of the action of the defendant, and that there was left undone the placing of the casing to the bottom of the hole and the perforation thereof. It is quite clear from this statement of the allegations of that cause of action that the price as fixed by the contract would not be a measure of the value of the work performed, calculating at the price per foot agreed upon, from the top of the well to the bottom. Necessarily it would be presumed that the work of perforating and sand-pumping the well, and putting the casing down to the bottom, would cost the plaintiff something in time, material, and effort, which would have to be taken into account in determining what his services were worth. This situation showed clearly the necessity for pleading the value of the work, as far as it had progressed when stopped by the defendant, and we think the complaint did not state a good cause of action without such allegation. While counsel for respondent insists that the contract price was evidence of the value, it cannot be conceded that it would constitute evidence of the value where the work had not been fully performed. As is said in *Cox* v. *McLaughlin,* as that case is reported in 52 Cal. 590: "Where a variance has occurred in the performance of a specific contract, under such circumstances as still enable a plaintiff to maintain an action on the implied promise to pay the reasonable value of the work actually done, and the contract, so far as it has been performed *in accordance with the specifications* therein contained, the contract may ordinarily be introduced as evidence of value." The controversy involved in the case cited was before the court on several appeals, to wit: In 54 Cal. 605; 63 Cal. 196, 198; 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100]. In that case work having been abandoned under a grading contract before final completion, and because of alleged acts of prevention on the part of the cocontractor, the plaintiff set up the particular contract and sought recovery thereunder. The court indicated that damages might be recovered, but not under the specific terms of the contract; rather for the value of the work performed, together with profits which might have been made upon the uncompleted portion thereof. Before the last appeal the trial judge had allowed an amendment setting up a cause of action on *quantum meruit.* The supreme

court held that there was no abuse of discretion in allowing this amendment. In one of the earlier appeals (54 Cal. 605) it was declared in the opinion ''that the present is not an action on the implied promise is apparent, not only from the omission of any averment of the actual value of the work done, but from the whole frame of the complaint.'' As to whether the trial judge here was right in granting a nonsuit as to the second and third causes of action, is not involved, because no appeal was taken on the part of the plaintiff to review that ruling. As to the merits of the case on the facts, there was a conflict of evidence which places the determination of the jury regarding those matters beyond the reach of any review by this court. It appears that the well as put down was not perpendicular, neither was it straight. However, the plaintiff produced some testimony showing that a pump could be operated successfully, and that it was reasonably practicable to install a pump, in such a well; also, that there was no understanding or agreement that the well should be straight. These matters were directly contradicted by evidence which defendant introduced.

From what has been stated it will be apparent that the judgment and order must be reversed.

The judgment and order are reversed, with direction to the trial judge to allow the plaintiff, if he be so advised, to amend his complaint to correct the imperfection first herein pointed out.

Conrey, P. J., and Shaw, J., concurred.