[Civ. No. 2966. Fourth Dist. Nov. 9, 1942.]

FRED M. SMOLL, Appellant, v. EARL S. WEBB et al., Respondents.

Duckworth, Mussell & King for Appellant.

Fred A. Wilson for Respondents.

MARKS, J.—This is an action to foreclose a lien for labor and materials furnished in the construction of a building for defendants by plaintiff. Defendants had judgment and this appeal followed.

Defendants, the owners, employed plaintiff to construct a two-story building for them. Its dimensions were about twenty by twenty-two feet. The first floor was to be used as a tool room and the second floor as a rumpus room. The walls were to be of reenforced concrete faced with country rock and the roof was to be of tile. No plans, specifications or written contract were prepared. The building was to be constructed on a sloping hill with one side of the second story on about the level of the ground. Defendants did all the excavation work, furnished forty-five sacks of cement, 1500 bricks for a fireplace, all of the rock for facings and some lumber at their own cost.

Plaintiff was to be paid his costs of materials used and labor furnished, plus ten per cent. It was agreed that the building was to be constructed in a good and workmanlike manner. One of the defendants testified that the total cost was not to exceed $1,200. This last was denied by plaintiff.

Plaintiff started work during the first week in March, 1940, and left the job uncompleted about May 7, 1940, when defendants failed to advance him any more money.

He filed a lien which recited that the total cost of labor and materials, plus his ten per cent was $1,939.58, that he had been paid $1,134.75, leaving a balance of $804.83 due. This included a $200 charge for employer's liability insurance. The action is to foreclose this lien.

Defendants in their answer pleaded the oral contract as they understood it; that plaintiff did not complete it; that the labor and materials furnished by plaintiff were of a value of not to exceed $800; that they had paid him $1,100; that plaintiff had been paid in full; that the work done by plaintiff was very inferior and not done in a good and workmanlike manner. The trial court found these allegations of the answer to be true.

Plaintiff urges two grounds for reversal of the judgment: (1) That the trial court erred in finding that plaintiff aban-

doned the contract and failed to complete his part of it, and, (2) that it was error to find that plaintiff had been fully paid.

The argument under the first ground for reversal is based on the theory that as defendants refused to advance more money as requested by plaintiff they breached the contract so that plaintiff was excused from further performance and was justified in failing to complete the building.

The rule governing cases in which a building contractor is excused from completing his contract by acts of the owners is stated in *Monson* v. *Fischer,* 118 Cal.App. 503 [5 P.2d 628], at page 519, as follows:

"In the case of building contracts it has long been the general rule in this state that the mere failure to pay an installment as it becomes due, unless such payment is under the contract a condition precedent, does not amount to prevention which will authorize a contractor to abandon the work and sue for all the benefits he would have received from full performance; but it nevertheless constitutes a breach which will justify a rescission and recovery for the work already done. (*Cox* v. *McLaughlin,* 52 Cal. 590; Id. 54 Cal. 605; *Porter* v. *Arrowhead Reservoir Co.,* 100 Cal. 500 [35 P. 146]; *Fairchild-Gilmore-Wilton Co.* v. *Southern Refining Co.,* 158 Cal. 264, 274 [110 P. 951].)''

Where the contractor fails to complete the contract after the breach of a condition precedent by the owners his action is in *quantum meruit* after his rescission and not on the contract. (*Porter* v. *Arrowhead Reservoir Co.,* 100 Cal. 500 [35 P. 146]; *Cox* v. *McLaughlin,* 76 Cal. 60 [18 P. 100, 9 Am.St.Rep. 164].)

The contract before us did not provide for any progress payments. Thus the defendants were only obligated to pay plaintiff when the building was completed (20 Cal.Jur. 901) and their failure to respond to the request for a progress payment did not constitute the breach of a condition precedent or of the contract that would justify plaintiff in rescinding the contract or in leaving the job. It follows that the finding that plaintiff abandoned the contract and failed to complete it was fully justified.

The evidence on the question of full payment is conflicting. The evidence supporting this finding is to the effect that the workmanship in the portion of the building completed by plaintiff was very poor and the structure defective; that had it been erected in a good and workmanlike manner its reason-

able value at that time would have been between $900 and $1,300.

If the value of the structure was $900 when abandoned by plaintiff, as one witness testified, and he was paid $1,100, which is admitted, it is clear that he had been paid in full and that the finding to that effect has sufficient evidentiary support.

Thus the evidence supports the findings and the findings support the judgment.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.